637 A.2d 707

**Celestine Davis GOOLSBY and Tanya Foster, Appellants,**

**v.**

**Peter PAPANIKOLAU T/A Feltonville Pizza and Feltonville Pizza and John Doe and Jane Doe and Harry Hoe and Peter Hoe, Individually and as Police Officers for the City of Philadelphia and City of Philadelphia.**

Commonwealth Court of Pennsylvania.

Argued Dec. 15, 1993.

Decided Jan. 26, 1994.

Martin Stanshine, for appellants.

John T. Snavely, for appellees.

Before COLINS and KELLEY, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Celestine Davis Goolsby and Tanya Foster (plaintiffs) have appealed from the order of the Court of Common Pleas of Philadelphia County, denying their motion to amend their complaint to correct the names of the non-municipal defendants after the statute of limitations had run. We reverse.

The complaint alleged that about August 10, 1989, the manager and an employee of a business entity, known as Feltonville Pizza, falsely accused the plaintiffs of stealing money from Feltonville Pizza, made defamatory remarks about them, and willfully provided two Philadelphia police officers with this false information, resulting in the plaintiffs' false arrest and imprisonment, and causing them severe psychological disorders, great expense, humiliation, and pain and suffering.

On November 3, 1989, after a search of public records, the plaintiffs filed suit against Peter Papanikolau, t/a Feltonville Pizza, and Feltonville Pizza, a business entity, and John Doe, an adult whose identity was unknown, acting as manager of Feltonville Pizza, and Jane Doe, an unknown employee of Feltonville Pizza, all of these defendants having an address at 4812 Rising Sun Avenue, Philadelphia, Pennsylvania, and also filed suit against the City of Philadelphia and two unknown police officers of the City, named as Harry Hoe and Peter Hoe. The complaint also alleged that defendants John Doe and Jane Doe were servants and employees of "Defendant, Feltonville Pizza and/or Defendant Peter Papanikolau t/a Feltonville Pizza, acting within the course and scope of their employment."

The Docket entries (R. 128–129) show that on November 9, 1989, the complaint was served on Feltonville Pizza and on Peter Papanikolau, t/a Feltonville Pizza; that on January 12, 1990, John T. Snavely II, Esq., entered his appearance for and filed an answer to the complaint on behalf of Peter Papanikolau and also entered his appearance for and filed an answer on behalf of Feltonville Pizza and John Doe and also Jane Doe.

In their answers, these defendants verified that John Bageas, not Peter Papanikolau, was the owner and traded as Feltonville Pizza, at the time of the alleged incident, that John Bageas was "John Doe" and Rose Dalessio was "Jane Doe". These defendants answered on the merits to the plaintiffs' claims that all actions and statements were made with probable cause, upon reasonable belief, were privileged, properly motivated and legally justified.

In July, 1991, Attorney Snavely wrote to plaintiffs' counsel requesting that the complaint be amended to correct the names of the non-municipal defendants, because their liability insurance carrier would not provide a defense to the suit until John Bageas was a named party defendant. On August 6, 1991, plaintiffs' counsel sent to defendants' counsel a stipulation to permit the filing of an amended complaint. Defendants' counsel declined to agree to the stipulation because he received it after the statute of limitations had run.

In May 1992, the plaintiffs filed their petition to amend averring they were merely correcting the names of the defendants, and that the defendants would suffer no prejudice.

The defendants, in their answer to the petition to amend, claimed they would be prejudiced by such amendment, because plaintiffs' counsel had been repeatedly informed that defendants' insurance carrier would not provide them with a defense until John Bageas was named as a party defendant, and it was too late to amend the complaint to name Mr. Bageas, because the statute of limitations had run.

The trial court denied the petition to amend because the plaintiffs knew the correct defendants ten months before the statute of limitations had run; that this delay was prejudicial because the defendants' insurance company was not able to begin their representation for that extended period; that while amendments are generally allowed to correct the name of a party after the statute has run, in this case the plaintiffs are trying to substitute existing persons, John Bageas and Rose Dalessio, for non-existent persons, John Doe and Jane Doe.

However, in January 1990, Attorney Snavely entered his appearance and filed an answer on the merits to plaintiffs' complaint on behalf of John Doe, Jane Doe and Feltonville Pizza, identifying John Bageas as John Doe, Rose Dalessio as Jane Doe, and Feltonville Pizza as the fictitious name of John Bageas. Obviously, Attorney Snavely was not acting on behalf of persons who did not exist.

In the case of *Department of Public Welfare v. Alessi,* 119 Pa.Commonwealth Ct. 160, 162–63, 546 A.2d 157, 158 (1988), the court said:

> We note that counsel ... did not file a special appearance ... The procedure of entering a special appearance is, however, no longer viable in this Commonwealth. In *Monaco v. Montgomery Cab Co.,* 417 Pa. 135, 208 A.2d 252 (1965) the Pennsylvania Supreme Court held that the proper way to challenge jurisdiction is by preliminary objections pursuant to Pa.R.C.P. No. 1017. That was not done in this case.

Nonetheless, we do not view the personal jurisdiction issue as having been waived.

*Monaco* and cases which have subsequently relied upon it all concern situations where a complaint has been filed. And in such situations if one files an answer instead of preliminary objections challenging personal jurisdiction one is viewed as having subjected himself to the court's jurisdiction.

*See also Silver Spring Township v. Pennsy Supply,* 149 Pa.Commonwealth Ct. 314, 320 n. 6, 613 A.2d 108, 111 n. 6 (1992).

■ By entering an appearance and filing an answer on the merits John Bageas and Rose Dalessio became parties to this action. In their complaint the plaintiffs sued Peter Papanikolau, t/a Feltonville Pizza and, in the alternative, also sued Feltonville Pizza, a business entity. Both Papanikolau and Feltonville Pizza were served and separate answers were filed by Papanikolau and by John Bageas on behalf of Feltonville Pizza.

In the case of *Jacob's Air Conditioning and Heating v. Associated Heating and Air Conditioning,* 366 Pa.Superior Ct. 430, 434, 531 A.2d 494, 496 (1987), the plaintiff was permitted to amend his complaint after the statute had run to change plaintiff's name from a fictitious corporation to that of the owner because "there was no entity as Jacob's Air Conditioning and Heating apart from the personality of Fred Jacobs." In this case, also, by their answers both Bageas and Papanikolau agreed there was no entity as Feltonville Pizza, apart from the personality of John Bageas. By causing his attorney to enter his appearance and filing an answer on the merits John Bageas t/a Feltonville Pizza became a party to this action. We agree that the petition to amend the complaint was simply a request to correct the names of the parties to the action and not an attempt to substitute new existent parties for non-existent parties.

■ These defendants argue, however, that even if they are parties, the trial court had discretion to refuse the plaintiffs'

petition to amend because the long delay in filing the petition had prejudiced them because their liability insurance carrier had refused to provide a defense unless John Bageas was named a party defendant. We do not condone the delay in filing the petition to amend the complaint in this case. If the petition had been filed promptly, it is quite possible this appeal would not have been necessary.[1] However, Justice Pomeroy pointed out in the case of *Paulish v. Bakaitis*, 442 Pa. 434, 275 A.2d 318 (1971), that mere delay was not dispositive and permitted amendment to the caption of the complaint to show that the defendant was a partnership and not a corporation more than three years after the expiration of the statute of limitations.

In the case of *Pilotti v. Mobil Oil Corp.*, 388 Pa.Superior Ct. 514, 518, 565 A.2d 1227, 1229 (1989), the court said:

> Although the granting of leave to amend the pleadings is committed to the sound discretion of the trial judge, that discretion is not unfettered. A court may disallow leave to amend the pleadings only where prejudice to the other party would result ... Prejudice must amount to something more than the removal of the procedural defect that the amendment is intended to cure ... Rather, a trial court may not deny a party leave to amend unless *unfair surprise* or some comparable prejudice will result from the amendment ... The timeliness of the request to amend is a factor to be considered, but it is to be considered only insofar as it presents a question of prejudice to the opposing party, as by loss of witnesses or eleventh hour surprise. (Citations omitted. Emphasis in the original.)

The opposing parties in this case are the non-municipal defendants, not their liability insurance carrier. These defendants do not claim surprise, nor loss of witnesses, nor any comparable prejudice. At the trial of this case, whether these defendants are insured or uninsured will have no relevance in determining their liability to the plaintiffs. At the outset of this case, these defendants claim they asked their liability

---

1. Both parties agree this is an appeal from a final appealable order.

insurance carrier to provide a defense for them, but the company refused because John Bageas was not a named defendant. These defendants then decided to have their own attorney enter his appearance and file an answer on the merits. By such action they acknowledged that they were proper party defendants.

Responsibility for the bringing of a suit against the proper defendant rests upon the plaintiffs. The defendants are under no duty to inform the plaintiffs whom they should sue. *Taylor v. Humble Oil and Refining Co.*, 225 Pa.Superior Ct. 177, 311 A.2d 324 (1973). Since the plaintiffs had sued Feltonville Pizza in the alternative, the complaint had been duly served, and John Bageas was Feltonville Pizza, it was not imprudent for the defendants to have their attorney enter an appearance, but such action appears to be inconsistent with the legal position of their insurance company.[2] Such disagreements between the insureds and their carrier are not uncommon. Under such circumstances, the insureds are not without remedy. They have the right to seek a declaratory judgment that their insurers are required to provide a defense, and coverage, or they may choose to defend this tort action and proceed against their carrier in contract to recover damages and costs including legal fees in defending the tort action. *Friestad v. Travelers Indemnity Co.*, 452 Pa. 417, 306 A.2d 295 (1973); *Liberty Mutual Insurance Co. v. S.G.S. Co.*, 456 Pa. 94, 318 A.2d 906 (1974).

In any case, the plaintiffs are under no legal duty to these defendants to make the defendants' insurance company provide the defendants with a defense or coverage, although it is usually to their advantage to proceed against insured defendants. These defendants have cited no authority for such a novel proposition.

2. These defendants claim their insurance company insisted that under the terms of their insurance contract, they had no duty to provide a defense unless John Bageas was a named defendant. The insurance company is not a party to these proceedings and the interpretation of the insurance contract is not before us.

It is, of course, true that these defendants have expended funds for legal fees and costs because their carrier has not yet provided a defense. But they may recover such expenditures from their carrier if it is determined in a separate action that the carrier has breached the insurance contract. In any event this is not the kind of prejudice that justifies a refusal to permit an amendment to the complaint to correct the names of the parties.[3]

In the case of *James A. Mann, Inc. v. Upper Darby School District*, 99 Pa.Commonwealth Ct. 276, 513 A.2d 528 (1986), the School District belatedly sought to raise the defenses of governmental immunity and the statute of limitations after all parties had undergone lengthy and expensive discovery in order to prepare for trial. The trial court refused amendment of the pleadings because the plaintiff had expended time and effort in preparing its case and the defenses sought to be raised were likely to be successful. In reversing the trial court, the Commonwealth Court held that the trial court had misconstrued the type of prejudice required to be suffered by an adverse party in order to warrant denying leave of court to amend a pleading under Pa.R.C.P. No. 1033; that the common pleas court found virtually no surprise to the plaintiff; and that the prejudice to the adverse party to be sufficient to warrant denying a party leave to amend must stem from the delay in raising the defense and prejudice to the substantive position of the adverse party.

In this case these defendants make no claim of surprise and have not shown any prejudice to their substantive position. They have raised a timely defense by their answers on the

---

3. Belatedly, these defendants claim prejudice because they allege that John Bageas has sold the business t/a Feltonville Pizza after this lawsuit was filed, and that these assets are no longer available to him. This claim was raised by defendants only in their memorandum of law, and was not included in their answer to the petition to amend the complaint and is, therefore, not a matter of record and cannot be considered by this Court. In any event, since this Court holds that Bageas voluntarily became a party defendant by filing his answer on the merits before the petition to amend the complaint was filed, Bageas' assets subject to liability are not changed by granting the petition to amend the complaint.

merits to plaintiffs' complaint and have not shown that such defense will be adversely affected by permitting the plaintiffs to correct the names of these defendants. We find that the common pleas court abused its discretion in denying the plaintiffs leave to amend their complaint and accordingly, its order must be reversed.

## ORDER

NOW, January 26, 1994, the order of the Court of Common Pleas of Philadelphia County, dated July 1, 1992, at 7392 October Term, 1989, which denied the plaintiffs, Celestine Davis Goolsby and Tanya Foster, leave to amend their complaint to substitute defendant, John Bageas t/a Feltonville Pizza for Peter Papanikolau t/a Feltonville Pizza; to change defendant, John Doe to John Bageas, and to change defendant Jane Doe to Rose Dalessio is reversed, and this matter is remanded to the aforesaid court for further proceedings consistent with this opinion.

Jurisdiction relinquished.