690 A.2d 1239

**ANDERSON EQUIPMENT COMPANY, Appellant,**

v.

**Shirley HUCHBER; Lake Shore Steel Company; and Grove Manufacturing Company.**

Superior Court of Pennsylvania.

Argued Nov. 14, 1996.

Filed March 18, 1997.

---

536

Richard F. Paciaroni, Pittsburgh, for appellant.

Robert L. Potter, Pittsburgh, for appellee.

Before HUDOCK, FORD ELLIOTT and HESTER, JJ.

HESTER, Judge.

Anderson Equipment Company appeals by permission from an interlocutory order. Appellant challenges its joinder as a defendant after the expiration of the applicable statute of limitations. Appellant was substituted in place of the originally-named defendant, "John Doe 1." Since that amendment was improper, we are constrained to reverse and dismiss appellant from this action.

Appellee,[1] Shirley Huchber, individually and in her capacity as administratrix of the estate of Thomas J. Huchber, instituted this action on April 7, 1993, by writ of summons. Named as defendants were Lake Shore Steel Company ("Lake Shore"), Alsteel Fabricators, Inc., Grove Manufacturing Company, and "John Doe 1–5." Reproduced Record at 2a. Appellee did not attempt to serve process on the John Does.

Appellee instituted the action to recover damages sustained as a result of the death of her husband, Thomas John Huchber, on April 15, 1991. On the night of April 14, 1991, Mr. Huchber was operating a crane for his employer, Golden Triangle Construction Company. While the crane was lifting a runway slab at Greater Pittsburgh International Airport, the main swing bearing and gear broke along a crack which had been welded. When the bearing and gear broke, the bolts securing the main swing bearing, gear, and cab to the base broke. The cab then broke from the base of the crane and fatally injured Mr. Huchber.

Grove Manufacturing Company manufactured the crane. Lake Shore was the prior owner of the crane. Alsteel Fabricators was involved in the repair of the crane but subsequently was dismissed from the action when it was discovered that it was not involved in the repairs which allegedly caused the accident.

Appellee alleged the following in her pleadings. The crane at issue consisted of three main parts: the base, the cab where the driver sits, and the boom. The boom and cab were

1. The other defendants in this action did not file briefs to this court; hence, we consider Shirley Huchber as the sole appellee.

connected to the base by a turntable bearing which allowed the cab and boom to rotate. In the late 1970s, while the crane still was owned by Lake Shore, the turntable bearing was damaged. The bearing cracked and some of its hold-down bolts broke. Due to the nature of the turntable bearing, the crack could not be repaired and the entire bearing should have been replaced. Rather than replace the whole bearing, Lake Shore attempted to repair the crack by welding it. The turntable bearing warped after it was welded. In 1987, Lake Shore sold the crane to Golden Triangle Construction Company.

Appellee also alleged in amended pleadings that in 1978, appellant's employees were working on the crane and noticed that three bolts which connect the turntable bearing to the base of the crane were broken. To replace the three broken bolts, the cab of the crane had to be removed from its base. Appellant's employees asked for permission from the owner to remove the cab from the base of the crane so they could remove the broken bolts. Lake Shore refused to allow the repairs, stating they were too costly. Following these instructions, appellant's employees did not replace the damaged bolts and returned the crane to Lake Shore.

One and one-half years after the action was instituted, on November 28, 1994, appellee was allowed to amend her complaint by substituting appellant for defendant John Doe 1. On February 7, 1995, appellant filed its answer and asserted in new matter that the claim against it was barred by the applicable statute of limitations. On July 28, 1995, appellant moved for judgment on the pleadings based upon the statute of limitations.

On November 14, 1995, the trial court denied appellant's motion for judgment on the pleadings. On November 22, 1995, appellant asked the trial court to amend its November 14, 1995 order to add language allowing for interlocutory appeal by permission under 42 Pa.C.S. § 702(b). When that motion was denied on January 18, 1996, appellant filed a petition for review with us on January 22, 1996, seeking

permission to file an interlocutory appeal pursuant to Pa. R.A.P. 1311. We granted that petition on April 2, 1996.

On appeal, appellant contends that the trial court improperly allowed the amendment.

■ First, we return to a basic principle of Pennsylvania law:

It is fundamental that an action at law requires a person or entity which has the right to bring the action, and a person or entity against which the action can be maintained. By its very terms, an action at law implies the existence of legal parties; they may be natural or artificial persons, but they must be entities which the law recognizes as competent.

*Thompson v. Peck,* 320 Pa. 27, 30, 181 A. 597, 598 (1935). Under Pa.R.C.P. 2177, an action must be instituted against a corporation or similar entity in its corporate name. A corporate name is any name, real or fictitious, under which the corporation or similar entity was organized or conducts its business. Pa.R.C.P. 2176.

■ Appellee does not contend that the John Doe designation named a legal entity capable of being sued. She does not argue that it was appellant's corporate name. Instead, she argues that appellant was identified in the complaint as "John Doe 1" and that she merely amended the complaint to substitute appellant's proper name for the "John Doe 1" designation.

■ Thus, we next examine the law relating to amendment of pleadings. A plaintiff may not add a new defendant after the applicable statute of limitations has expired.[2] *Hoare v. Bell Telephone Co. of Pennsylvania,* 509 Pa. 57, 500 A.2d 1112 (1985); *Zercher v. Coca–Cola USA,* 438 Pa.Super. 142, 651 A.2d 1133 (1994). Thus,

in cases where the statute of limitations has expired and a party seeks to amend its pleading to correct the name of party, the issue is whether the proposed amendment adds a new party to the litigation or merely corrects a party name. *Jacob's Air Cond. v. Assoc. Heating,* 366 Pa.Super. [430,]

---

**2.** The statute of limitations applicable herein expired in April, 1993.

433, 531 A.2d [494,] 496 [1987]. "If an amendment constitutes a simple correcting of the name of a party, it should be allowed, *Wicker v. Esposito,* 500 Pa. 457, 457 A.2d 1260 (1983), but if the amendment in effect adds a new party, it should be prohibited. *Cianchetti v. Kaylen,* 241 Pa.Super. 437, 361 A.2d 842 (1976)." *Jacob's Air Cond. v. Assoc. Heating,* [*supra,*] 366 Pa.Super. at 433, 531 A.2d at 496.

*Zercher v. Coca–Cola USA, supra,* 438 Pa.Super. at 146, 651 A.2d at 1135. If the proper party was sued but under the wrong designation, the correction will be allowed. However, where the wrong party was sued and the amendment is designed to substitute another, distinct party, it will be disallowed. *Hamilton v. Bechtel,* 441 Pa.Super. 390, 657 A.2d 980 (1995). Important in this determination is whether different assets will be subject to liability by allowing the amendment. *Powell v. Sutliff,* 410 Pa. 436, 189 A.2d 864 (1963); *Zercher v. Coca–Cola USA, supra.*

It is readily apparent herein that John Doe 1 is not an incorrect name of Anderson Equipment Company. John Doe 1 is an entirely fictitious name for a fictitious entity having no relation to appellant. Further, new assets will be subject to liability by the amendment since John Doe 1 had no assets and Anderson Equipment does. Thus, it also is clear that the amendment sought to add a new or different party to this action and should not have been allowed. *See Hamilton v. Bechtel, supra* (plaintiff could not amend complaint to substitute son for father as defendant after statute of limitations had expired); *Zercher v. Coca–Cola USA, supra* (plaintiff could not amend complaint to correct name of defendant where plaintiff originally sued the company's trademark rather than the company since trademark refers to a product and is not a trade name for a company); *Compare Powell v. Sutliff, supra* (where individual was properly served trading and doing business as company rather than partnership, amendment to correct name of business from company to partnership was allowed since it was clear that correct person, under wrong designation, was named originally).

 Indeed, this case cannot be distinguished from those cases involving decedents. All actions that survive a decedent must be brought by or against the personal representative of a deceased estate and not in the name of a deceased person because a deceased person does not exist, and an action at law requires a person or entity which has the right to bring suit and another entity or person to be sued. *Thompson v. Peck, supra.* Thus, a plaintiff cannot amend a caption to add the personal representative of the deceased's estate after expiration of the statute of limitations even if the decedent was named as a defendant prior to the expiration of the statute. *Id.* This axiom follows because the estate is a new or different party from the deceased person. Herein, appellee has instituted suit against an entity which, like a deceased person, does not exist. Thus, her attempt to amend the caption to substitute appellee for John Doe is prohibited under *Thompson.*

Appellee suggests that *Goolsby v. Papanikolau,* 161 Pa. Commw. 489, 637 A.2d 707 (1994), is authority for the proposition that a defendant can be named as "John Doe" in the original complaint and later the plaintiff can substitute the real name after the defendant's true identity has been discovered even though the statute of limitations has expired. We disagree.

In *Goolsby,* the complaint identified defendants "John Doe" and "Jane Doe" as unknown employees of a named business, and the complaint was served on that business. Before the statute of limitations expired, a lawyer entered an appearance and filed an answer on behalf of the defendants, including John Doe and Jane Doe. The answer provided the proper names of John Doe and Jane Doe and admitted that those individuals were, in fact, the John Doe and Jane Doe named in the complaint. On the basis of these facts, the Commonwealth Court held that the mere fact that the request to amend the caption was made after expiration of the statute of limitations would not result in the action being time barred. The fact that a lawyer filed an answer on behalf of John Doe and Jane Doe in *Goolsby* before expiration of the statute of limitations

renders that case readily distinguishable. As the Commonwealth Court stated, "[B]y entering an appearance and filing an answer on the merits John Bageas [John Doe] and Rose Dalessio [Jane Doe] became parties to this action." *Id.* at 493, 637 A.2d at 709. Thus, the Commonwealth Court's decision does not support the proposition for which it is cited by appellee.

The trial court and appellee both believe that the holdings of *Lamp v. Heyman*, 469 Pa. 465, 366 A.2d 882 (1976), and its progeny are applicable herein. Under that case law, an action commenced by writ of summons within the statute of limitations period is considered timely even if the defendant is not served with the writ until after the statute has expired as long as the plaintiff makes a good faith effort to serve the defendant after the writ is issued.

Appellee notes that appellant sent an investigator to the accident site immediately after the incident and thus, was aware from the start that it was subject to liability in this action. Appellee then meticulously outlines how she was diligent in her discovery efforts and in ascertaining who negligently repaired the crane. She further states that she amended the complaint to add appellant as soon as she discovered that it had repaired the crane in 1978. Appellee continues that since she made a "good faith" effort to discover the identity of John Doe 1, the reasoning of *Lamp* applies.

We must reject this argument. *Lamp* concerns service of process after a timely suit has been instituted against a properly-named entity. It does not pertain to amending pleadings to change the name of a defendant. The case before us does not concern a properly-named defendant served after the statute expired in a timely suit. Rather, this case involves amendment of pleadings to correct the caption to name a defendant which is different from the one named originally. Both areas of law have clearly-defined, applicable principles. Under the law at issue herein, the amendment was infirm.

Order reversed. Appellant is dismissed from this action. Case remanded for further proceedings against the remaining defendants. Jurisdiction relinquished.