Craig **TRAUTMAN**, Plaintiff,

v.

**Officers Joseph LAGALSKI and John Doe, and the City of Pittsburgh, Defendants.**

**Patrick McGaha, Plaintiff,**

v.

**Officers Joseph Lagalski and John Doe, and the City of Pittsburgh, Defendants.**

Civil Action Nos. 98–1237, 98–1238.

United States District Court, W.D. Pennsylvania.

Nov. 23, 1998.

Timothy P. O'Brien, Pittsburgh, PA, Ernest Simon, Bromall & Simon, Pittsburgh, PA, for Plaintiffs.

Bryan Campbell, Pittsburgh, PA, for Joseph Lagalski and Kevin Gasiorowski, Defendants.

Jacqueline R. Morrow, Randall C. Marshall, City of Pittsburgh, Dept. of Law, Pittsburgh, PA, for City of Pittsburgh, Defendant.

## OPINION

ZIEGLER, Chief Judge.

Pending before the court is the motion (doc. no. 3) of defendants to bifurcate and to dismiss plaintiffs' complaints pursuant to Rules 42(b) and 12(b)(6) of the Federal Rules of Civil Procedure. Defendants filed the instant motion contending that plaintiffs' claims against officer "John Doe" are barred by the statute of limitations, and that plaintiffs' claims based on the Fourteenth Amendment should dismissed because, under the facts alleged, the claims should be analyzed under the Fourth Amendment. For the reasons that follow, defendants' motion to dismiss shall be granted with respect to plaintiffs' Fourteenth Amendment claims.

## I. FACTS

On or about June 23, 1996, plaintiffs were walking on Parvus Street in the Northside of Pittsburgh, Pennsylvania. For some unknown reason, Officer Lagalski and Officer John Doe allegedly "stopped the plaintiff[s], and without provocation or other legal cause, struck and hit the plaintiff[s] with a nightstick, baton or other weapon in and about the plaintiff[s] head[s'], face[s] and other parts of [their bodies]." Compls. at ¶ 6. After allegedly attacking plaintiffs, the officers searched plaintiffs, and then released them without charging them with any criminal offense.

Plaintiffs commenced the instant action in the Court of Common Pleas of Allegheny County, Pennsylvania, against Officer Lagalski, John Doe, and the City of Pittsburgh.

On or about July 17, 1998, defendants removed the action to federal court pursuant to 28 U.S.C. § 1441. After conducting discovery, plaintiffs determined that Officer Doe was Kevin Gasiorowski and therefore sought to amend the complaint to substitute Gasiorowski for "John Doe." On or about October 16, 1998, this court granted plaintiffs' motion to amend the complaint. Defendants filed a motion to dismiss arguing that the claims against John Doe are barred by the statute of limitations, and any amendment would not relate back to the initial filing. We consider these arguments below.

## II. DISCUSSION

### A. Standard

On a motion to dismiss, we must view the allegation of the complaint and reasonable inferences therefrom as true. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Melikian v. Corradetti,* 791 F.2d 274, 276 (3d Cir.1986). A motion to dismiss cannot be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). The issue is whether the plaintiff should be entitled to offer evidence to support the claim, and not whether the plaintiff ultimately will prevail. *Scheuer,* 416 U.S. at 236, 94 S.Ct. 1683.

### B. Statute of Limitations/Relation Back

Section 1983 does not provide a statute of limitations. "[T]he general rule is that when a federal statute provides no limitations for suits, the court must look to the state statute of limitations for analogous types of actions." *Beauty Time, Inc. v. Vu Skin Sys., Inc.,* 118 F.3d 140 (3d Cir.1997); *Wilson v. Garcia,* 471 U.S. 261, 276–80, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) (in section 1983 actions, federal courts apply the state statute of limitations governing actions for personal injury). Pennsylvania applies a two-year statute of limitations to section 1983 claims. *See Nelson v. County of Allegheny,*

60 F.3d 1010, 1012 (3d Cir.1995), *cert. denied,* 516 U.S. 1173, 116 S.Ct. 1266, 134 L.Ed.2d 213 (1996).

■ Defendants contend that plaintiffs' claim against "John Doe" a.k.a. Kevin Gasiorowski is barred by the statute of limitations. According to defendants, filing suit against a fictitious person does not commence an action under Pennsylvania law.

Under Pennsylvania law,

[i]t is fundamental that an action at law requires a person ... [who] has the right to bring the action, and a person ... against wh[om] the action can be maintained. By its terms, an action at law implies the existence of legal parties; they may be natural or artificial persons, but they must be entities which the law recognizes as competent.

*Anderson Equip. Co. v. Huchber,* 456 Pa.Super. 535, 690 A.2d 1239, 1241 (Pa.Super.1997) (quoting *Thompson v. Peck,* 320 Pa. 27, 181 A. 597, 598 (Pa.1935)). Thus, filing suit against "John Doe," a fictitious name for an individual who does not exist, would not toll the statute of limitations under either Pennsylvania law or federal law. *See Anderson,* 690 A.2d at 1241–42; *Talbert v. Kelly,* 799 F.2d 62, 66 n. 1 (3d Cir.1986) ("The fact that plaintiffs named 'John Doe and Jane Doe' as defendants would not extend the statute of limitations").

Plaintiffs do not contend that naming John Doe in the original complaint tolls the statute of limitations. Indeed, it does not. *See, e.g., Anderson,* 690 A.2d at 1241–42. Rather, plaintiffs argue that because they did not discover the true identity of John Doe until discovery ensued, amending the complaint to add Officer Kevin Gasiorowski in lieu of John Doe should be allowed and the amendment should relate back to the original complaint.

■ Under Pennsylvania law, "[i]f an amendment constitutes a simple correct[ion] of the name of a party, it should be allowed." *Id.* at 1239 (quoting *Wicker v. Esposito,* 500 Pa. 457, 457 A.2d 1260 (Pa.1983)). "However, where the wrong party was sued[, e.g., naming John Doe] and the amendment is designed to substitute another, distinct party[, e.g., Gasiorowski], it will be disallowed."

*Anderson,* 690 A.2d at 1241. Thus, under Pennsylvania law, plaintiffs' amendment would not relate back.

■ Notwithstanding Pennsylvania law, federal law governs whether an amendment to a complaint relates back to the date of the original complaint. *See Simmons v. South Cent. Skyworker's, Inc.,* 936 F.2d 268, 270 (6th Cir.1991). Rule 15(c), which governs amendments to complaints, provides in relevant part:

Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when ... (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied, and within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed.R.Civ.P. 15(c)(3). The effect of the relation-back rule is that it "ameliorates the effect of statutes of limitations." *Nelson,* 60 F.3d at 1015 (citation omitted).

Applying rule 15(c)'s requirements, we find that plaintiffs' amendment relates back to the initial filing. First, neither party denies that the claims against Gasiorowski arose out of the conduct, transaction, or occurrence set forth in plaintiffs' original complaint. Indeed, in a motion to consolidate and to correct the caption, defendants noted that "both actions are identical and are based upon the same set of alleged facts and circumstances." Doc. No. 2. Second, defendants have not alleged that Gasiorowski was unaware of plaintiffs' complaint. It would be unlikely that Gasiorowski would be unaware of a suit commenced against his partner for actions allegedly undertaken while the officers were on duty together. Certainly the officers' superiors would have questioned Lagalski and

Gasiorowski regarding allegedly improper conduct undertaken while on duty.

Rather, Defendants contend that plaintiffs cannot satisfy the final requirement of rule 15(c) because a designation of "John Doe" does not constitute a mistake concerning the identity of the proper party. In support thereof, defendants rely on several courts of appeals which have found that an amendment does not relate back when a party originally files suit against John Doe. We, however, must follow the Court of Appeals for the Third Circuit.

The Court of Appeals has allowed amendments replacing John Doe with a party's real name as long as the requirements of rule 15(c) are satisfied. *See, e.g., Varlack v. SWC Caribbean, Inc.,* 550 F.2d 171, 175 (3d Cir. 1977) (rule 15(c) requirements satisfied even though plaintiff initially listed "John Doe" as a defendant); *Nelson,* 60 F.3d at 1014 n. 6 (noting that *Varlack* held that replacement of a "John Doe" caption with a party's real name amounted to "changing a party," warranting application of Rule 15(c)). Thus, the Court has implicitly found that listing "John Doe" as a defendant, and subsequently amending the complaint to include Doe's actual name, is tantamount to a "mistake concerning the identity of the proper party." Because each of the requirements of Rule 15(c) are met, plaintiffs' amendment appropriately relates back to the original filing.

## C.  Fourteenth Amendment

■ Defendants seek to dismiss plaintiffs' complaint with respect to claims under the Fourteenth Amendment. Plaintiffs respond that such motion should not be granted at this time, but should be delayed until discovery ensues. We disagree.

The Supreme Court has held that in addressing an excessive force claim brought under section 1983, the analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force. *Graham v. Connor,* 490 U.S.

386, 394, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). Thus, "*[A]ll* claims that law enforcement officers have used excessive force— deadly or not—in the course of an arrest, investigatory stop, or other **'seizure' of a free citizen** should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." *Id.* at 395, 109 S.Ct. 1865 (emphasis added).

Plaintiffs, relying on *United States v. Lanier,* 520 U.S. 259, 117 S.Ct. 1219, 137 L.Ed.2d 432 (1997), argue that not all physically abusive conduct must give rise to a claim under either the Fourth or Eighth Amendments. Plaintiffs contend that if the alleged beatings were motivated by an intent to "punish" them for some perceived transgression, then the claim in that instance would arise under the Fourteenth Amendment, not the Fourth Amendment. Plaintiffs' reliance on *Lanier,* however, is misplaced because the Court did not consider an excessive force claim against police officers, as it did in *Graham,* and as plaintiffs currently assert.[1]

*Graham* expressly held that all excessive force claims against law enforcement officers should be analyzed under the Fourth Amendment. 490 U.S. at 395, 109 S.Ct. 1865. More importantly, *Graham* did not limit its application to arrests, but expressly encompassed " 'seizure[s]' of a free citizen." *Id.* A seizure triggering the Fourth Amendment's protections occurs "when government actors have, 'by means of physical force or show of authority, . . . in some way restrained the liberty of a citizen.' " *Id.* at 395 n. 10, 109 S.Ct. 1865.

Here, plaintiffs allege that defendant officers "stopped the plaintiff, and without provocation or other legal cause, struck and hit the plaintiff with a nightstick, baton or other weapon in and about the plaintiff's head, face and other parts of his body." Compl. at ¶ 6. Striking plaintiffs with batons and other objects clearly constitutes force. Further, the

---

1. Moreover, *Lanier* did not involve a claim brought under the Fourteenth Amendment. Rather, the issue there related to whether the defendant could be prosecuted under a federal statute (18 U.S.C. § 242) making it a criminal act

to willfully and under color of law, deprive a person of rights protected by the Constitution or laws of the United States. *See* 520 U.S. at ——, 117 S.Ct. at 1224.

act of stopping plaintiffs falls within the Court's definition of seizure; therefore, the Fourth Amendment is the peg on which plaintiffs must hang their section 1983 claims. Defendants' motion to dismiss plaintiffs' claims based on the Fourteenth Amendment must be granted.