HIGGINS, J.,
This matter is presently before the court on defendants Jeremy L. Meyer and Debra I. Meyer’s (“defendants”) motion for leave of court to join Stephen Moss (“Moss”) as additional defendant pursuant *2 to Pa. R.C.P. 2253[1] (“motion”). On January 15, 2014, this action was commenced by praecipe for summons filed by plaintiffs Lorrie Moss and Stephen Moss (collectively “plaintiffs”) against defendants. On April 28, 2014, plaintiffs filed a complaint seeking damages for personal injuries as a result of a motor vehicle accident which occurred on February 18, 2012, at or near the intersection of SR 115 and Long Pond Road. On June 10, 2014, defendants filed their answer with new matter. Thereafter, on July 14,2014, defendants filed the instant motion. Oral argument was scheduled and held on October 6,2014. We are now prepared to dispose of defendants’ motion.
Pa. R.C.P. 1031.1 provides that:
Any party may set forth in the answer or reply under the heading “cross-claim” a cause of action against any other party to the action that the other party may be
(1) solely liable on the underlying cause of action or
Note\ The term “underlying cause of action” refers to the cause of action set forth in the plaintiff’s complaint or the defendant’s counterclaim.
(2) liable to or with the cross-claimant on any cause of action arising out of the transaction or occurrence or series of transactions or occurrences upon which the underlying cause of action is based.
The right to assert a cross-claim is limited as follows:
*3 Any defendant or additional defendant may only join as an additional defendant any person not a party to the action, or may assert a cross-claim against another party to the action, who may be
(1) solely liable on the plaintiffs cause of action, or
(2) liable over to the joining party on the plaintiffs cause of action, or
(3) jointly or severally liable with the joining party on the plaintiff’s cause of action.
Pa. R.C.P. 1017. Further, it is well established that “a person is entitled to indemnity if that person, without active fault on his part, has been compelled, by some legal obligation, to pay for damages occasioned by the active negligence of another.” Elder v. Orluck, 483 A.2d 474, 480 (Pa. Super. 1984) (citation omitted).
Instantly, defendants seek to amend their pleading to include a cross claim against Moss. Defendants argue that the motor vehicle was caused in whole or in part by Moss. On the other hand, plaintiffs contend that no further investigation is required into the cause of the accident as only two drivers were involved. Plaintiffs contend that defendants should have filed a cross claim against Moss at the time they filed their answer, plaintiffs oppose the amendment of the answer and new matter to include a cross-claim against Moss.
Rule 1033 of the Pennsylvania Rules of Civil Procedure states:
A party, either by filed consent of the adverse party or *4 by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment be made to conform the pleading to the evidence offered or admitted.
Pa. R. C. P. 1033. Generally, the granting of leave to amend the pleadings is within the sound discretion of the trial court. Goolsby v. Papanikolau, 637 A.2d 707, 709 (Pa. Cmwth. 1994). Such discretion is broad and only upon a showing of a clear abuse of discretion will the amendment be disallowed on appeal. Somerset Community Hospital, v. Allan B. Mitchell & Assocs., Inc., 685 A.2d 141, 147 (Pa. Super. 1996).
“Our courts have established as parameter a policy that amendments to pleadings will be liberally allowed to secure a determination of cases on their merits.” Capobianchi v. BIC Corp., 666 A.2d 344, 346 (Pa. Super. 1995) (citing Gallo v. Yamaha Motor Corp., 484 A.2d 148, 150 (Pa. Super. 1984). However, an amendment is prohibited “when it is against a positive rule of law, ...or when it will surprise or prejudice the opposing party.” Somerset Community Hospital, 685 A.2d at 147 (citation omitted). The prejudice must be more than mere detriment to the other party because any amendment requested will be designed to strengthen the amending party’s legal position and, correspondingly, weaken the adverse party’s position. Capobianchi, 666 A.2d at 346 (citation omitted). In addition, a party may not amend a pleading if the *5 amendment adds a new cause of action after the running of the statute of limitations. Romah v. Hygienic Sanitation Co., 705 A.2d 841, 857 (Pa. Super. 1997).
In resolving a question of right to amend, the court is bound to accept as true every relevant fact sufficiently averred therein and every reasonable inference fairly deducible therefrom. Schaffer v. Larzelere, 410 Pa. 402, 406, 189 A.2d 267, 270 (1963). As stated earlier, the rule in this Commonwealth is that amendments to pleadings should be liberally allowed. However, amendment will not be allowed where the proposed amendment is against a positive rule of law. Somerset Community Hospital, supra.
In the present case, the plaintiff has not proposed any amendment that is against a positive rule of law. Since amendments are to be liberally permitted in order to allow full development of a party’s theories and averments, we will allow defendants to amend their answer for a fair and just determination of the issues in this matter, including the filing of a counterclaim against Moss.
In light of the foregoing, we enter the following order.
ORDER
And now, this 12th day of November 2014, after oral argument and upon consideration of defendant’s motion for leave to amend answer with new matter to include a counter-claim and the response thereto, it is hereby ordered that defendant’s motion is granted.

. During arguments, defendants made an oral motion to amend their motion for leave of court to amend their answer and new matter to include a cross-claim pursuant to Pa. R.C.P. 1031.1.