IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sherri-Jo Neu,                         :
            Appellant          :
                                :
      v.                          :    No. 465 C.D. 2025
                                :
Millcreek Township Board of School  :    Argued: November 6, 2025
Directors                         :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE LORI A. DUMAS, Judge

OPINION
BY JUDGE McCULLOUGH                 FILED: December 10, 2025

This matter involves an alleged violation of the Sunshine Act[1] by the Millcreek Township Board of School Directors (Board). Sherri-Jo Neu (Neu) appeals from the March 26, 2025 order of the Court of Common Pleas of Erie County (trial court), which granted the Board's motion for summary judgment, denied Neu's cross-motion for summary judgment, and dismissed Neu's complaint (Complaint). Therein, Neu asserted that the Board violated the Sunshine Act by including in a meeting agenda an inadequate description of a Board resolution to be discussed at the meeting. The trial court concluded that the agenda description was sufficient. Upon review, we vacate and remand with instructions to dismiss this action.

## I.    BACKGROUND

The pertinent facts and procedural history of this case essentially are undisputed and may be summarized as follows. On or about May 27, 2024, in advance of its May 28, 2024 meeting (Meeting), the Board posted an agenda (Agenda) setting

---

[1] 65 Pa.C.S. §§ 701-716.

forth the matters to be taken up at the Meeting.[2]  The Agenda contained descriptions of various types of proposed items of business, many or most of which also included a "Recommended Action" and, for items requiring a vote, the actual vote tallies from the Meeting.  *See, e.g.*, Reproduced Record (R.R.) at 042a-45a.[3]  Pertinent here, included within the Agenda was the following description (Description) of a resolution (Resolution) to be taken up at the meeting:

### 11. SOLICITOR'S REPORT

. . . .

| | |
|---|---|
| Subject: | 11.03 Resolution – Aliota vs. Millcreek Township School District |
| Meeting: | May 28, 2024 |
| Category: | 11.  SOLICITOR'S REPORT |
| Type: | Action |
| Recommended Action: | Resolution concerning common defense and indemnification in case of Aliota v[.] Millcreek Township School District Docket No. 1:23-CV-00188-SPB. |

(R.R. at 045a.)  A copy of the Resolution was not attached to or incorporated within the body of the Agenda, and the Agenda did not contain any other information describing the Resolution or the Board's proposed action on it.  Immediately following

---

[2] Although not clear from the Complaint or record, it appears that, in accordance with Section 709(c.1)(i)-(iii) of the Sunshine Act, the Agenda was posted on the Board's website, posted at its principal office and meeting place, and was available in print at the Meeting.  *See* 65 Pa.C.S. § 709(c.1)(i)-(iii).  The Board's compliance in this respect is not challenged in this case.

[3] The Agenda appears to have been utilized at the Meeting for recording Board votes.

2

the Description is a record of the Board members' votes on the Resolution, which passed by an 8-1 margin. *Id.*

On June 21, 2024, Neu initiated the underlying suit by filing a praecipe for writ of summons against "Millcreek School District" in the trial court,[4] which writ was issued on June 24, 2024. Neu then filed a Complaint for Declaratory Judgment and Injunctive Relief for Violation of Sunshine Act (Complaint) on July 26, 2024, naming Millcreek Township School District (District) and the Board as defendants. Therein, Neu alleged that the Description was insufficient under the Sunshine Act because it did not provide adequate public notice of the Resolution's substance. (Complaint, ¶¶ 21-23.)

More specifically, Neu sought a declaration "that the District violated [Section 709(c.1) of the Sunshine Act,] 65 Pa.C.S. § 709(c.1)[,][5] by failing to provide sufficient information on its meeting [A]genda concerning a matter of agency business to be considered during [the Meeting]." (Complaint, ¶ 5.) Neu further sought a declaration that the District violated Section 710.1(a) of the Sunshine Act, 65 Pa.C.S. § 710.1(a),[6] because the Description did not provide information sufficient to enable

---

[4] Section 715 of the Sunshine Act vests original jurisdiction over declaratory judgment and enforcement actions in the court of common pleas "where the agency whose act is complained of is located or where the act complained of occurred." 65 Pa.C.S. § 715.

[5] Neu alleged that the Description violated Section 709(c.1)(1)(i) of the Sunshine Act, 65 Pa.C.S. § 709(c.1)(1)(i), which requires (with limited exceptions not applicable here) that an agency post on its website 24 hours in advance of the meeting "the agenda, which includes a listing of each matter of agency business that will be or may be the subject of deliberation or official action at the meeting."

[6] Section 710.1(a) of the Sunshine Act provides, in pertinent part, that an agency must provide at each advertised regular meeting an opportunity for residents, taxpayers, or both, "to comment on matters of concern, official action or deliberation which are or may be before the board or council prior to taking official action." 65 Pa.C.S. § 710.1(a).

3

meaningful public comment on the Resolution at the Meeting. (Complaint, ¶ 6.) For other recovery, Neu sought an award of attorneys' fees and court costs. *Id.* ¶ 7.

On August 15, 2024, Neu filed a Motion to Amend Caption to Correct Name of Party in Accordance with Pa.R.Civ.P. 1033 (Amendment Motion), in which Neu sought to amend the caption of the Complaint to remove the District as a defendant in light of this Court's unreported decision in *Prozan v. Millcreek Township School District* (Pa. Cmwlth., No. 645 C.D. 2023, filed July 16, 2024). (Original Record (O.R.) Document (Doc.) No. 5.) The District and Board opposed the motion and further filed preliminary objections to the Complaint, therein challenging Neu's claims on the grounds that (1) the District is not a proper party to the suit because it is not an agency subject to the requirements of the Sunshine Act; (2) Neu's claims against the Board are time-barred by Section 713 of the Sunshine Act, 65 Pa.C.S. § 713; (3) the Board complied with the Sunshine Act as a matter of law; (4) the District and Board were not properly served with original process; and (5) Neu violated the "equivalent period" doctrine by waiting until after the expiration of the periods of limitations to seek reissuance of the writ of summons. (O.R. Doc. Nos. 12, 13.)

The trial court granted the Amendment Motion on October 12, 2024, and directed the removal of the District from the action. The same day, the trial court also entered an order (1) deeming moot the Board's preliminary objection to the District's party status, (2) overruling the Board's timeliness preliminary objection, (3) overruling the Board's demurrer without prejudice, (4) recognizing the Board's withdrawal of its preliminary objection based on inadequate service of process, and (5) overruling the Board's preliminary objection regarding the reissuance of the writ of summons.

After the pleadings closed, the parties filed cross-motions for summary judgment. The Board asserted in its motion that the Complaint failed to state a claim upon which relief could be granted because the Description provided, as a matter of law, sufficient public notice to satisfy the requirements of the Sunshine Act. The Board

again argued in the alternative that Neu's claims were time-barred because she did not bring suit against the Board, the only proper and indispensable party, within 30 days of the date of the Meeting.[7]  In her cross-motion, Neu argued that the Board violated the Sunshine Act as a matter of law because it neither published a copy of the Resolution nor provided a description of its substance sufficient to enable meaningful public comment at the Meeting.

By Order entered March 26, 2024, the trial court granted the Board's motion, denied Neu's motion, and dismissed the Complaint.  The trial court noted the dearth of caselaw addressing the specificity required by the Sunshine Act for meeting agendas and relied principally on this Court's decision in *Reading Eagle Co. v. Council of Reading*, 627 A.2d 305 (Pa. Cmwlth. 2003).  The trial court concluded that the Description included sufficient information and that the claims in the Complaint resultantly failed as a matter of law.  (Trial Ct. Op. at 2.)  Given its disposition on the merits of Neu's claims, the trial court did not address the Board's alternative timeliness argument.  *Id.* at 2 n.1.

Neu now appeals to this Court.

## II.    ISSUES

Neu contends that the trial court erred in granting the Board's motion for summary judgment and denying her cross-motion because the Board failed as a matter of law to comply with Sections 709(c.1)(1)(i)[8] and 710.1(a) of the Sunshine Act. In response, the Board again argues that Neu did not bring suit against the proper and indispensable party—the Board—prior to the expiration of the 30-day period in Section

---

[7] The Board raised as New Matter the defense of the statute of limitations.  *See* New Matter, ¶¶ 1-4; R.R. at 054a.

[8] Neu's brief at times refers to Section 70<u>8</u> of the Sunshine Act, but it is clear that she means to cite to Section 70<u>9</u>.  *See, e.g.*, Neu Br. at 10.

713 of the Sunshine Act. Alternatively, the Board contends that the Description satisfied the public notice requirements in Section 709(c.1) as a matter of law.

### III. DISCUSSION[9]

#### A. Statute of Limitations

We first address the Board's timeliness argument because it implicates both the trial court's and this Court's jurisdiction and, in this instance, is dispositive.[10] *Day v. Civil Service Commission of the Borough of Carlisle*, 931 A.2d 646, 651-53 (Pa. 2007) (the timeliness of a Sunshine Act challenge implicates the jurisdiction of the reviewing tribunal; failure to timely file the challenge within the confines of Section 713 deprives the reviewing court of jurisdiction).

Section 713 of the Sunshine Act provides, in pertinent part, as follows:

A legal challenge under this chapter shall be filed within 30 days from the date of a meeting which is open, or within 30 days from the discovery of any action that occurred at a meeting which was not open at which this chapter was violated, provided that, in the case of a meeting which was not open, no legal challenge may be commenced more than one year from the date of said meeting.

65 Pa.C.S. § 713. By its plain language, Section 713 contains both a statute of limitations and statutes of repose. A statute of limitations extinguishes only a remedy,

---

[9] When reviewing a trial court's grant of summary judgment, our standard of review is *de novo* and our scope of review is plenary. *Brown v. City of Oil City*, 263 A.3d 338, 342 n.1 (Pa. Cmwlth. 2021). Entry of summary judgment is appropriate only where it is clear that no genuine issues of material fact remain and the moving party is entitled to judgment as a matter of law. *Id.*

[10] Although the trial court granted the Board's motion for summary judgment on the merits, we may affirm the trial court on any basis supported by the record. *In re: A.J.R.-H*, 188 A.3d 1157, 1175-76 (Pa. 2018). The threshold question of the timeliness of a Sunshine Act appeal to the trial court is a question of law over which we exercise *de novo,* plenary review, *Day*, 931 A.2d at 650, and subject matter jurisdiction may be raised *sua sponte* by the Court at any time, including on appeal. *Martin v. Zoning Hearing Board of West Vincent Township*, 230 A.3d 540, 544-45 (Pa. Cmwlth. 2020).

is procedural in nature, and takes as its triggering event the accrual of a cause of action, which typically is associated with an injury or its discovery. *City of Warren v. Workers' Compensation Appeal Board (Haines)*, 156 A.3d 371, 378 (Pa. Cmwlth. 2017). By contrast, a statute of repose extinguishes both a right and a remedy, is substantive in nature, and takes as its triggering event something other than the accrual of a cause of action, such as a specific date or specific event that is independent of any injury or its discovery. *Id.*; *City of Philadelphia v. Tax Review Board of the City of Philadelphia ex rel. Philadelphia Fresh Food Terminal Corporation*, 945 A.2d 802, 804 (Pa. Cmwlth. 2008).

As to open meetings, Section 713 contains a fixed *statute of repose* strictly requiring that legal challenges to agency actions taken at open meetings be filed within 30 days of the date of the meeting. As to closed meetings, Section 713 contains a *statute of limitations* requiring the filing of a legal challenge within 30 days after the discovery of the challenged action. Nevertheless, even as to closed meetings, Section 713 also contains a second *statute of repose* prohibiting, in all circumstances, the filing of a legal challenge to an action taken at a closed meeting more than one year after the meeting occurs.

Section 713 does not specify a particular manner in which legal challenges must be initiated and further does not require a particular level of specificity in their content. *Mistick & Sons, Inc. v. City of Pittsburgh*, 567 A.2d 1107, 1108-09 (Pa. Cmwlth. 1989).[11] A writ of summons is a valid way to institute a "legal challenge" under Section 713. *Id.* at 1109; *see also* Pa.R.Civ.P. 1007 (actions may be commenced by filing with the prothonotary a praecipe for writ of summons or a complaint).

---

[11] *Mistick & Sons, Inc.* involved Section 13 of the now-repealed former Sunshine Act, Act of July 3, 1986, P.L. 388, *formerly* 65 P.S. § 283. Section 13 of the prior Sunshine Act contained almost verbatim language with no material differences from Section 713 of the current Sunshine Act, and the cases interpreting it therefore are pertinent to our analysis here.

Because the failure to timely file a legal challenge within the 30-day period prescribed by Section 713 deprives the trial court of jurisdiction over the matter, a finding of untimeliness requires that the action be nullified *ab initio*. *Day; Belitskus v. Hamlin Township*, 764 A.2d 669, 670 (Pa. Cmwlth. 2000); *see also Lawrence County v. Brenner*, 582 A.2d 79, 82 (Pa. Cmwlth. 1990) (the failure to initiate legal challenge within the 30-day period provided in Section 13 of former Sunshine Act "would bar jurisdiction by the [trial court] over this matter and would compel us to nullify this action *ab initio*[.]").

Here, there is no dispute that Neu filed a praecipe for writ of summons against "Millcreek School District" within 30 days of the Meeting. That does not end our inquiry, however. In two recent unreported decisions of this Court, we held that Sunshine Act challenges to actions taken by a school district board of directors at a board meeting must be brought against the board, which is an entity distinct from the district itself and the proper and indispensable party to Sunshine Act litigation. *See Prozan*; *Beckes v. North East School District* (Pa. Cmwlth., No. 1248 C.D. 2025, filed September 3, 2025);[12] *see also Paterra v. Charleroi Area School District*, 349 A.2d 813, 815 (Pa. Cmwlth. 1975); 65 Pa. C.S. § 703 (defining "agency" to include, *inter alia*, a "school board").

In *Prozan*, the plaintiff brought a Sunshine Act challenge against a school *district* in which he alleged that certain actions taken by the school *board* were invalid. The plaintiff in *Prozan* named only the district as a defendant in both his original and amended complaints, to which the district filed, and the trial court sustained, preliminary objections. On appeal to this Court, we ruled that the trial court lacked subject matter jurisdiction over the entire action because the board, and not the district,

---

[12] Unreported decisions of this Court issued after January 15, 2008, may be cited for their persuasive value. *See* Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

was the proper "agency" subject to the Sunshine Act and, therefore, was indispensable to the litigation. Because the plaintiff in *Prozan* named only the district as a defendant, we vacated the trial court's order and remanded for dismissal of the entire suit without prejudice. *Prozan*, slip op. at 14-15.

Then, in *Beckes*, we considered a similar situation in which a plaintiff in Sunshine Act litigation filed original and amended complaints naming only a school district and not the school board. After we filed our decision in *Prozan*, the defendant district moved for judgment on the pleadings, arguing that the plaintiff failed to name the board as a party and that the caption could no longer be amended to add the board because the 30-day statute of repose in Section 713 had expired. The plaintiff in response filed a motion to amend seeking to substitute the board for the district. The trial court granted the district's motion and sustained the demurrer to the complaint, which it then dismissed with prejudice. *Beckes*, slip op. at 3-5.

On appeal to this Court, and as we had done in *Prozan*, we vacated the trial court's order on the ground that the board was not a party, which required that the action be dismissed without prejudice for lack of jurisdiction. Although we noted the trial court's potentially correct conclusion that the board could not be added as a party because the 30-day statute of repose in Section 713 already had expired, we nevertheless concluded that the trial court was without jurisdiction to make such a conclusion without the board already named as a party. We accordingly vacated the trial court's order and remanded for dismissal for lack of jurisdiction without prejudice to the plaintiff to seek to add the board as a party. *Id.*, slip op. at 12-13.

Thus, in both *Prozan* and *Beckes*, we determined that the failure of a plaintiff to bring a Sunshine Act challenge against a board was fatal to a trial court's jurisdiction over the action because the board is an indispensable party. We resultantly also concluded that, where a district is the sole party named as a defendant in Sunshine Act litigation, the trial court lacks subject matter jurisdiction. We agree with our

9

jurisdictional reasoning in both *Prozan* and *Beckes* and expressly adopt it here: a school district board of directors, and not the district itself, is the appropriate and indispensable party to a suit wherein a plaintiff challenges an action of the board taken at a meeting subject to the requirements of the Sunshine Act. Where the board is missing from the action, the trial court lacks subject matter jurisdiction to consider the plaintiff's claims.

That conclusion does not, however, answer the question before us here because, in her Complaint, Neu named the Board as a defendant together with the District. Thus, this case squarely presents the question that we could not reach in *Beckes*, namely, whether inclusion of the Board as the proper, indispensable party to the action *after* the expiration of the Section 713 statute of repose renders the entire action untimely and, thereby, divests both the trial court and this Court of jurisdiction. We must answer in the affirmative.

Pa.R.Civ.P. 1033 governs the amendment of complaints. It provides, in pertinent part, as follows:

> **(a) General Rule.** A party, either by filed consent of the adverse party or by leave of court, **may at any time change the form of action, add a person as a party, correct the name of a party, or otherwise amend the pleading.** The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted.
>
> **(b) Relation back. An amendment *correcting the name of a party* against whom a claim has been asserted in the original pleading relates back to the date of the commencement of the action** if, within 90 days after the period provided by law for commencing the action, the party received notice of the institution of the action such that it will not be prejudiced in maintaining a defense on the merits and the party knew or should have known that the action would have been brought against the party but for a mistake concerning the identity of the proper party.

Pa.R.Civ.P. 1033(a), (b) (emphasis provided). Relatedly, Pa.R.Civ.P. 1032(b) provides as follows:

> Whenever it appears by suggestion of the parties or otherwise . . . that there has been a failure to join an indispensable party, the court shall order that . . . the indispensable party be joined, but if that is not possible, then it shall dismiss the action.

Pa.R.Civ.P. 1032(b). Thus, read together, these rules permit amendment to either correct the name of a party or add a party at any time, but only an amendment *correcting* the name of a party will relate back to the date the action originally was commenced, and only in certain circumstances. Neither Pa.R.Civ.P. 1033(b) nor Pennsylvania case law permits relation back where the effect of the amendment is to *add* a new party to the action. *See* Pa.R.Civ.P. 1033, Explanatory Comment-2017.[13] Accordingly, where a party seeks to *add* a new party to the action and the statute of repose has expired, the amendment is prohibited. *Kincy v. Petro*, 2 A.3d 490, 497 (Pa. 2010); *Tork-Hiis v.*

---

[13] As we noted in *Beckes*, our Superior Court has provided the following explanation of the difference between *correcting* a party's name and *adding* an altogether new party:

> A plaintiff may not add a new defendant after the applicable statute of limitations has expired. Thus,
>
> > in cases where the statute of limitations has expired and a party seeks to amend its pleading to correct the name of [a] party, the issue is whether the proposed amendment adds a new party to the litigation or merely corrects a party name. If an amendment constitutes a simple correcting of the name of a party, it should be allowed, but if the amendment in effect adds a new party, it should be prohibited.
> >
> > If the proper party was sued but under the wrong designation, the correction will be allowed. However, where the wrong party was sued and the amendment is designed to substitute another, distinct party, it will be disallowed.

*Anderson Equipment Co. v. Huchber*, 690 A.2d 1239, 1241 (Pa. Super. 1997) (internal citations, quotations, and footnote omitted). Superior Court decisions are not binding on this Court, but they may serve as persuasive authority where they address issues analogous to those before us. *Lerch v. Unemployment Compensation Board of Review*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018). We find the Superior Court's reasoning in *Anderson* to be sound and persuasive.

11

*Commonwealth*, 735 A.2d 1256, 1258-59 (Pa. 1999). Pursuant to Pa.R.Civ.P. 1032(b), where such a prohibited amendment precludes the addition of an indispensable party to the action, dismissal is mandatory. *See also Corman v. National Collegiate Athletic Association*, 74 A.3d 1149, 1162 (Pa. Cmwlth. 2013) ("It is well established that the failure to join an indispensable party to a lawsuit deprives the court of subject matter jurisdiction.") (citation and quotations omitted).

Here, there is no dispute that Neu praeciped for a writ of summons against the District only.[14] She later filed, after the expiration of the Section 713 statute of repose, her Complaint naming both the District and the Board as defendants. As we noted in both *Prozan* and *Beckes*, the District and the Board are separate and distinct entities in Sunshine Act litigation, and only the Board is subject to the Sunshine Act's open meeting requirements. Thus, Neu's inclusion of the Board as a defendant in the Complaint added a new party to the suit, which amendment undisputedly occurred after the expiration of the statute of repose. The amendment accordingly is prohibited and of no effect.[15] Because the Board is the only proper and indispensable party to this action, was not originally named as a defendant, and now may not be joined, the trial court was without subject matter jurisdiction. We accordingly vacate the trial court's

---

[14] Neu incorrectly named the District in her praecipe as "Millcreek School District" instead of using the correct name, "Millcreek Township School District." *See* R.R. at 6a; O.R. Doc. No. 1.

[15] Both the Board and Neu focus in their briefs on whether the trial court's granting of the Amendment Motion on October 2, 2024, relates back to the date Neu filed her praecipe for writ of summons. *See* Neu Reply Br. at 9-10; Board Br. at 13-14. Both parties characterize the trial court's order as permitting the "substitution" of the Board for the District as the party defendant. *Id.* However, the Board was not added to this action via the trial court's granting of the Amendment Motion. Rather, Neu added the Board as a party defendant *in her Complaint* and then later sought, via the Amendment Motion, to have the District *removed* as a party. Although removal of the District was proper, it is immaterial to the timeliness question before us.

order and remand with instructions to dismiss with prejudice the underlying suit for lack of jurisdiction.[16]

_____

PATRICIA A. McCULLOUGH, Judge

Judge Wallace did not participate in the decision of this case.

_____

[16] Even if we could reach the merits, we would conclude that no relief is due. "The Sunshine Act establishes a right in members of the public to attend all meetings of agencies at which any agency business is discussed or acted upon." *Borough of East McKeesport v. Special/Temporary Civil Service Commission of the Borough of East McKeesport*, 942 A.2d 274, 279 (Pa. Cmwlth. 2008) (citing 65 Pa.C.S. § 709). Section 709(c.1) thus requires that an agency publish in advance of a meeting an agenda that *lists* the matters of agency business that will or may be discussed or voted upon *at the meeting*. It does not require the publication of entire copies of resolutions or chapter-and-verse descriptions of resolutions or other items of agency business. Read in conjunction with the other pertinent provisions of the Sunshine Act, the purpose of Section 709(c.1) is to ensure that the public receives, in advance of an open meeting, enough information about the meeting's business to permit the public to make an informed decision as to whether to *attend* the meeting and, if applicable, offer meaningful comment on agency business *at the meeting*. *See* Section 710.1(a) of the Sunshine Act, 65 Pa.C.S. § 710.1(a) (requiring an agency to provide *at an open meeting* a "reasonable opportunity" for residents, taxpayers, or both to "comment on matters of concern, official action or deliberation" prior to the agency's taking official action); Section 712.1 of the Sunshine Act, 65 Pa.C.S. § 712.1 (with certain exceptions, precluding the taking of official action on a matter of agency business if that matter was not included in the published agenda required by Section 709(c.1)).

Here, the challenged Description of the Resolution was listed in the Agenda, which also included dozens of other items of Board business to be taken up at the Meeting. The items were categorized by subject, and most included more than enough information to advise the public of the nature of the matter to be considered. The Description was listed under the bolded, underlined heading, "Solicitor's Report," making clear that it had to do with the legal business of the Board. It also identified the caption of the lawsuit involved, the subjects to be addressed in the Resolution (joint defense and indemnification), and the fact that Board "action" would be taken (denoting a vote). This was sufficient information to satisfy the requirements of Sections 709(c.1) and 710.1(a). Although the Description did not expressly include a recommended action on the Resolution, such a recommendation is not required by the Sunshine Act and, in any event, might not have existed. The Description also complies with the spirit of, and public policy underlying, the Sunshine Act which, as noted above, is to protect the right of the public *to be present* at agency meetings to witness and, if applicable, participate meaningfully in deliberations. *See* Section 702(a), (b) of the Sunshine Act, 65 Pa.C.S. § 702(a), (b).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sherri-Jo Neu,      :
   Appellant    :
           :
  v.        :  No. 465 C.D. 2025
           :
Millcreek Township Board of School :
Directors       :

## ***ORDER***

AND NOW, this 10th day of December, 2025, the March 26, 2025 order of the Court of Common Pleas of Erie County (trial court) is VACATED, and this matter is remanded to the trial court with instructions to dismiss with prejudice the underlying action for lack of subject matter jurisdiction.

Jurisdiction relinquished.

_____
PATRICIA A. McCULLOUGH, Judge