Justice CASTILLE joins this concurring opinion.

**Jerilyn ZANE, Appellant,**

v.

**FRIENDS HOSPITAL, Dr. John Doe and Ronald E. Anderson, Appellees.**

Superior Court of Pennsylvania.

Argued Oct. 24, 2000.

Filed March 1, 2001.

William E. Averona, Philadelphia, for appellant.

George Costopoulos, Philadelphia, for appellee.

Before DEL SOLE, JOHNSON and BECK, JJ.

DEL SOLE, J.:

¶ 1 Appellant filed a negligence suit against Friends Hospital ("Friends"), Ronald Anderson and Dr. John Doe following injuries she suffered when she was physically and sexually assaulted by Anderson,

a patient of Friends', while she was an outpatient of Friends'.

¶ 2 During the pre-trial phase of the suit, Appellant requested from Friends records related to Anderson's hospitalization. Judge Albert Sheppard of the Court of Common Pleas of Philadelphia County entered an order on April 25, 1997, ordering production of certain related documents and information. Upon a challenge to the discoverability of that information, Judge Sheppard entered another order on May 6, 1997, which provided:

> ... Friends Hospital shall produce for in camera inspection all documentation concerning only the history given to Friends Hospital by Ronald E. Anderson, including his social security number and date of birth.

Order of Court, 5/6/97.

¶ 3 Friends failed to comply with this order. Subsequently, Appellant moved for sanctions against Friends for this failure to comply. Judge Nitza Quiñones Alejandro of the Court of Common Pleas of Philadelphia County subsequently entered the following order:

> AND NOW, this 10th day of March, 1998 it is hereby ORDERED AND DE-CREED that defendant, Friends Hospital [ ] to comply completely with the Court's Orders of April 25, 1997 and May 6, 1997 is Denied.

Order of Court, 3/10/98.

¶ 4 Hospital eventually moved for summary judgment, which was granted by Judge Howland W. Abramson of the Court of Common Pleas of Philadelphia County on June 28, 1999, based, at least in part, on

the fact that because of Judge Quiñones Alejandro's March 10, 1998 order, Appellant was prevented from proving an essential element of her claim. Trial Court Opinion, 9/15/98, at 5.

¶ 5 Appellant's claim against Anderson proceeded to a non-jury trial where she prevailed on a judgment on the pleadings. Now that her claims are final against all parties,[1] Appellant brings this appeal, which presents two issues for our review: (1) whether Judge Quiñones Alejandro's March 10, 1998 order improperly contravened Judge Sheppard's earlier order; and (2) whether summary judgment was properly granted. We find merit to the first argument; therefore, we vacate and remand. Because of this result, we need not, nor do we, address the merits of the second issue.

¶ 6 Appellant claims that Judge Quiñones Alejandro's March 10, 1998 order violates the coordinate jurisdiction rule. We agree. The coordinate jurisdiction rule stands for the proposition that "judges of coordinate jurisdiction sitting in the same case should not overrule each other's decisions." *Commonwealth v. Starr*, 541 Pa. 564, 664 A.2d 1326, 1331 (1995). As the Supreme Court explained in *Starr*, the coordinate jurisdiction rule "is a rule of sound jurisprudence based on a policy of fostering the finality of pre-trial applications in an effort to maintain judicial economy and efficiency." *Id.* Here, Judge Sheppard entered an order requiring Friends to produce certain documents for an *in camera* inspection. Friends did not do so. Judge Quiñones Alejandro, as a

---

**1.** Although Appellant's complaint also named a Dr. John Doe as a defendant and his name continues to appear on the caption of this case, he is not a party. This doctor has never been identified and has never entered an appearance in this action. An action at law requires the existence of legal parties.

*Anderson Equipment Co. v. Huchber*, 456 Pa.Super. 535, 690 A.2d 1239, 1241 (1997) (quoting *Thompson v. Peck*, 320 Pa. 27, 181 A. 597, 598 (1935)). Because Dr. John Doe is not a legal party, his status in this appeal is of no moment.

judge of coordinate jurisdiction with Judge Sheppard, was required to enforce his previously-entered order in this case. She did not, and Appellant's case was undeniably prejudiced as a result.

¶ 7 Accordingly, we vacate the June 29, 1998 order granting summary judgment, vacate the March 10, 1998 order and remand for proceedings consistent with this Opinion.

¶ 8 Order of March 10, 1998 vacated. Order of June 29, 1998 vacated. Case remanded. Jurisdiction relinquished.