J-A22023-18

2019 PA Super 44

| | |
|---|---|
| WILLIAM MASSARO,<br><br>Appellant<br><br>v.<br><br>TINCHER CONTRACTING LLC, KENNETH E. TINCHER, II AND JOHN DOE 1-10<br><br>Appellee | IN THE SUPERIOR COURT<br>OF<br>PENNSYLVANIA<br><br><br><br><br><br><br><br>No. 1013 EDA 2018 |

Appeal from the Order Entered March 5, 2018
In the Court of Common Pleas of Delaware County
Civil Division at No(s): 15-4999

BEFORE:  BENDER, P.J.E., NICHOLS, J., and STEVENS,  P.J.E.[*]

DISSENTING OPINION BY BENDER, P.J.E.:        **FILED FEBRUARY 19, 2019**

I do not agree with the Majority that we must quash Appellant's appeal because of his outstanding claims against John Doe 1-10.  Accordingly, I respectfully dissent.

Our Supreme Court has declined to quash an appeal under similar circumstances where a "John Doe" defendant was named in a complaint and continued to appear on the case's caption, but had never been identified and never entered an appearance in the action.  To explain, in ***Zane v. Friends Hospital***, 770 A.2d 339 (Pa. Super. 2001), *rev'd* 836 A.2d 25 (Pa. 2003), an appellant filed a negligence suit against Dr. John Doe, a hospital, and a patient at the hospital, after the patient physically and sexually assaulted the

---

[*] Former Justice specially assigned to the Superior Court.

appellant. *See id.* at 339-40. The trial court eventually granted summary judgment in favor of the hospital, and entered a judgment on the pleadings against the patient. *See id.* at 340. The appellant subsequently appealed, raising issues related to the trial court's granting summary judgment in favor of the hospital. *Id.* On appeal, this Court observed that the appellant's claims were "final against all parties," notwithstanding that the appellant had included Dr. John Doe in her complaint and he remained on the caption. *Id.* We reasoned:

> Although [the a]ppellant's complaint also named a Dr. John Doe as a defendant and his name continues to appear on the caption of this case, he is not a party. This doctor has never been identified and has never entered an appearance in this action. An action at law requires the existence of legal parties. *Anderson Equipment Co. v. Huchber*, 456 Pa.Super. 535, 690 A.2d 1239, 1241 (1997) (quoting *Thompson v. Peck*, 320 Pa. 27, 181 A. 597, 598 (1935)). Because Dr. John Doe is not a legal party, his status in this appeal is of no moment.

*Zane*, 770 A.2d at 340 n.1.

This Court then proceeded to address the merits of the appellant's issues. We ultimately vacated orders relating to the entry of summary judgment in favor of the hospital, and remanded the case for further proceedings. *See id.* at 340-41.

Thereafter, the hospital petitioned for allowance of appeal to our Supreme Court, and it granted review. *See Zane*, 836 A.2d at 28. Our Supreme Court subsequently reversed the order of this Court, reinstating the entry of summary judgment in the hospital's favor. *See id.* at 34. However, before reaching that conclusion, it observed with respect to Dr. John Doe that:

> The Superior Court opinion notes that this doctor has never been identified and never entered an appearance in the action. The Superior Court concluded that as an action at law requires the existence of legal parties, and because Dr. John Doe was not a legal party, his status "was of no moment."

*Id.* at 27 n.1 (internal citation omitted).

By reaching the merits of the appeal, our Supreme Court approved of this Court's treatment of Dr. John Doe. Had it concluded otherwise, *i.e.*, if it had determined that the claims against Dr. John Doe remained outstanding and thereby precluded entry of a final order, it would have lacked jurisdiction to consider the hospital's arguments and could not have proceeded to the merits. *See Levitt v. Patrick*, 976 A.2d 581, 588 (Pa. Super. 2009) ("If any claim remains outstanding and has not been disposed of by the trial court, then … this Court lacks jurisdiction to entertain the appeal unless the appeal is interlocutory or we grant permission to appeal. Pa.R.A.P. 341."). I also observe that our Supreme Court could have examined the issue of subject matter jurisdiction *sua sponte*, but did not. *See Mazur v. Trinity Area School Dist.*, 961 A.2d 96, 101 (Pa. 2008) ("[A]s a pure question of law, the standard of review in determining whether a court has subject matter jurisdiction is *de novo* and the scope of review is plenary. Whether a court has subject matter jurisdiction over an action is a fundamental issue of law which may be raised at any time in the course of the proceedings, including by a reviewing court *sua sponte*.") (citation omitted).

In the case *sub judice*, the Majority recognizes that "[n]o counsel entered appearance on behalf of John Doe 1-10." Majority Op. at 2. Further,

- 3 -

based on my review of the reproduced record, it appears John Doe 1-10 were never identified.  Therefore, pursuant to the reasoning in **Zane**, I would conclude that John Doe 1-10 are not legal parties and their status does not affect our jurisdiction to entertain Appellant's appeal.  For these reasons, I would not quash Appellant's appeal.