OPINION BY NICHOLS, J.:
Appellant William Massaro appeals from the order granting the motion for summary judgment filed by Appellees Tincher Contracting, LLC, and Kenneth E. Tincher, II (collectively, Tincher). We quash Appellant's appeal because Appellant has outstanding claims against John Doe 1-10.
We need not discuss the factual background extensively given our disposition. Briefly, Appellant sued Tincher and John Doe 1-10 for breach of contract, unjust enrichment, breach of implied-in-law contract, breach of implied warranty, and unfair trade practices. Compl., 3/24/17. For each claim, Appellant requested relief against all defendants, including John Doe 1-10, who purportedly reside at Tincher's address. Id. at ¶ 4. On April 12, 2017, counsel entered his appearance on behalf of Tincher only. Entry of Appearance, 4/12/17. No counsel entered appearance on behalf of John Doe 1-10. Eventually, Tincher filed a motion for summary judgment, which the court granted on March 6, 2018. Appellant timely appealed, and timely filed a court-ordered Pa.R.A.P. 1925(b) statement.
Appellant raises the following issues on appeal:
1. The trial court erred, in determining that there are no genuine issues of material facts, and erred in granting the [Tinchers'] motion for summary judgment, pursuant to the [trial] court['s]
*933 order and opinion, dated March 5, 2018.[1 ]
2. The trial court in determining that all of the requisite elements of the doctrine of collateral estoppel exist to bar the Appellant's claims in this matter.
3. The trial court erred in determining that all of the requisite elements of res judicata exist to bar the Appellant's claims in this matter.
4. The trial court erred in determining that Appellant is raising the same issues and seeking identical roof damages in this matter that Appellant raised in an unrelated binding arbitration between Appellant and his general contractor, Papa.
5. The trial court erred in determining that the writing by and between Appellant and [Tincher Contracting, LLC], dated August 9, 2012, attached to Appellant's complaint as Appellant's Exhibit "1", was not an enforceable contract by and between Appellant and [Tincher Contracting, LLC,] separate and distinct from the written construction management agreement by and between Appellant and a third party general contractor, Papa[,] which contained a binding arbitration clause.
6. The trial court erred in failing to account for the fact that [Tincher] failed to raise, plead and otherwise waived the affirmative defenses of double recovery and set-off in [the Tincher's] new matter, pursuant to Pa.R.C.P. 1032(a), which precludes [Tincher] from raising said issues in [Tincher's] motion for summary judgment.
7. The trial court erred in determining [Appellant] was seeking a double recovery from [Tincher] for roofing damages.
Appellant's Brief at 7-8 (some capitalization omitted).
We may raise whether this Court has jurisdiction sua sponte . Mazur v. Trinity Area Sch. Dist. , 599 Pa. 232, 961 A.2d 96, 101 (2008). "Generally, this Court has jurisdiction of 'appeals from final orders of the courts of common pleas.' 42 Pa.C.S. § 742. Rule of Appellate Procedure 341 defines 'final order' as, among other things, any order that 'disposes of all claims and of all parties.' Pa.R.A.P. 341(b)(1)." Commonwealth v. Grove , 170 A.3d 1127, 1137 (Pa. Super. 2017), appeal denied , 185 A.3d 967 (Pa. 2018).
The key inquiry in any determination of finality is whether there is an outstanding claim. Pa.R.A.P. 341 ; see also Bourne v. Temple Univ. Hosp. , 932 A.2d 114, 115-16 (Pa. Super.) (noting that court's approval of stipulation withdrawing claims without prejudice rendered order final for purposes of appeal), appeal denied , 595 Pa. 710, 939 A.2d 889 (2007). If any claim remains outstanding and has not been disposed of by the trial court, then ... this Court lacks jurisdiction to entertain the appeal unless the appeal is interlocutory or we grant permission to appeal. Pa.R.A.P. 341.
Levitt v. Patrick , 976 A.2d 581, 588 (Pa. Super. 2009) ; see Bonner v. Fayne , 441 Pa.Super. 432, 657 A.2d 1001, 1003 (1995) (quashing appeal from a trial court order that granted summary judgment against only one of four defendants). Indeed, the Bourne Court noted that the trial court had "approved a stipulation withdrawing without prejudice the claims against John Doe, Jane Doe," and a third party, which rendered a previously-entered order final for purposes of appeal. Bourne , 932 A.2d at 115-16.
Here, Appellant sued Tincher Contracting, LLC, Kenneth E. Tincher, II, and John Doe 1-10. Counsel entered his appearance *934 for Tincher, but not John Doe 1-10. Tincher successfully moved for summary judgment, which left Appellant's claims against John Doe 1-10 outstanding. An order that grants summary judgment in favor of Tincher, but leaves unresolved Appellant's claims against John Doe 1-10 is ordinarily not an appealable order. See Bonner , 657 A.2d at 1003 ; see also Bourne , 932 A.2d at 115-16. Appellant has not argued that the order otherwise falls within the class of appealable interlocutory orders or he requested permission to appeal. See Levitt , 976 A.2d at 588. Therefore, because Appellant's claims remain outstanding against John Doe 1-10, and Appellant failed to request permission to appeal, we quash. Nothing within our opinion precludes Appellant from filing a timely appeal from a final order. See generally Pa.R.A.P. 341.[2]
Appeal quashed.
P.J.E., Stevens joins the opinion.
P.J.E., Bender files a dissenting opinion.
DISSENTING OPINION BY BENDER, P.J.E.:
I do not agree with the Majority that we must quash Appellant's appeal because of his outstanding claims against John Doe 1-10. Accordingly, I respectfully dissent.
Our Supreme Court has declined to quash an appeal under similar circumstances where a "John Doe" defendant was named in a complaint and continued to appear on the case's caption, but had never been identified and never entered an appearance in the action. To explain, in Zane v. Friends Hospital , 770 A.2d 339 (Pa. Super. 2001), rev'd 575 Pa. 236, 836 A.2d 25 (2003), an appellant filed a negligence suit against Dr. John Doe, a hospital, and a patient at the hospital, after the patient physically and sexually assaulted the appellant. See id. at 339-40. The trial court eventually granted summary judgment in favor of the hospital, and entered a judgment on the pleadings against the patient. See id. at 340. The appellant subsequently appealed, raising issues related to the trial court's granting summary judgment in favor of the hospital. Id. On appeal, this Court observed that the appellant's claims were "final against all parties," notwithstanding that the appellant had included Dr. John Doe in her complaint and he remained on the caption. Id. We reasoned:
Although [the a]ppellant's complaint also named a Dr. John Doe as a defendant and his name continues to appear on the caption of this case, he is not a party. This doctor has never been identified and has never entered an appearance in this action. An action at law requires the existence of legal parties.
*935 Anderson Equipment Co. v. Huchber , 456 Pa.Super. 535, 690 A.2d 1239, 1241 (1997) (quoting Thompson v. Peck , 320 Pa. 27, 181 A. 597, 598 (1935) ). Because Dr. John Doe is not a legal party, his status in this appeal is of no moment.
Zane , 770 A.2d at 340 n.1.
This Court then proceeded to address the merits of the appellant's issues. We ultimately vacated orders relating to the entry of summary judgment in favor of the hospital, and remanded the case for further proceedings. See id. at 340-41.
Thereafter, the hospital petitioned for allowance of appeal to our Supreme Court, and it granted review. See Zane , 836 A.2d at 28. Our Supreme Court subsequently reversed the order of this Court, reinstating the entry of summary judgment in the hospital's favor. See id. at 34. However, before reaching that conclusion, it observed with respect to Dr. John Doe that:
The Superior Court opinion notes that this doctor has never been identified and never entered an appearance in the action. The Superior Court concluded that as an action at law requires the existence of legal parties, and because Dr. John Doe was not a legal party, his status "was of no moment."
Id. at 27 n.1 (internal citation omitted).
By reaching the merits of the appeal, our Supreme Court approved of this Court's treatment of Dr. John Doe. Had it concluded otherwise, i.e. , if it had determined that the claims against Dr. John Doe remained outstanding and thereby precluded entry of a final order, it would have lacked jurisdiction to consider the hospital's arguments and could not have proceeded to the merits. See Levitt v. Patrick , 976 A.2d 581, 588 (Pa. Super. 2009) ("If any claim remains outstanding and has not been disposed of by the trial court, then ... this Court lacks jurisdiction to entertain the appeal unless the appeal is interlocutory or we grant permission to appeal. Pa.R.A.P. 341."). I also observe that our Supreme Court could have examined the issue of subject matter jurisdiction sua sponte , but did not. See Mazur v. Trinity Area School Dist. , 599 Pa. 232, 961 A.2d 96, 101 (2008) ("[A]s a pure question of law, the standard of review in determining whether a court has subject matter jurisdiction is de novo and the scope of review is plenary. Whether a court has subject matter jurisdiction over an action is a fundamental issue of law which may be raised at any time in the course of the proceedings, including by a reviewing court sua sponte .") (citation omitted).
In the case sub judice , the Majority recognizes that "[n]o counsel entered appearance on behalf of John Doe 1-10." Majority Op. at 932. Further, based on my review of the reproduced record, it appears John Doe 1-10 were never identified. Therefore, pursuant to the reasoning in Zane , I would conclude that John Doe 1-10 are not legal parties and their status does not affect our jurisdiction to entertain Appellant's appeal. For these reasons, I would not quash Appellant's appeal.

The trial court docketed the order on March 6, 2018.

The dissent relies on a footnote in Zane v. Friends Hosp. , 770 A.2d 339, 340 n.1 (Pa. Super. 2001), citing Anderson Equip. Co. v. Huchber , 456 Pa.Super. 535, 690 A.2d 1239 (1997), which, in turn, quoted Thompson v. Peck , 320 Pa. 27, 181 A. 597 (1935). The issue in Anderson was whether the plaintiff could substitute "Anderson Equipment Co." as the proper name for the original "John Doe 1" defendant after the statute of limitations had expired. Anderson Equip. , 690 A.2d at 1240. Based on the record, the Anderson Court held it was "readily apparent herein that John Doe 1 is not an incorrect name of Anderson Equipment Company. John Doe 1 is an entirely fictitious name for a fictitious entity having no relation" to Anderson Equipment Co. Id. at 1241. The Anderson Court therefore reversed the order permitting the plaintiff's substitution because it added an entirely new party. Id. at 1243. In Thompson , the issue was whether the trial court erred by granting the plaintiffs' petition to substitute the deceased's executors for the decedent after the statute of limitations had expired. Thompson , 181 A. at 598. The Thompson Court reversed the trial court. Id. The substitution issues addressed by Anderson and Thompson are not present in this case.