J-S47017-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| E.M.R. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| C.A.F. | : | |
| | : | |
| Appellant | : | No. 1396 MDA 2018 |

Appeal from the Order Entered July 18, 2018
In the Court of Common Pleas of York County Domestic Relations at
No(s): 2878 SA 2013,
PACSES No. 601114402

BEFORE: STABILE, J., NICHOLS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED MARCH 17, 2021**

C.A.F. (Father), appeals from the order finding him in contempt, which among other items, imposed a suspended sentence of incarceration contingent on Father making his monthly child support payment owed to E.M.R. (Mother). Father contends, among other things, that the trial court erred by ordering incarceration without finding he had the present ability to pay. We vacate and remand with instructions, as set forth below.

The facts and procedural history relevant only to this particular appeal follow. As the trial court noted in an unrelated decision, the "parties have litigated matters stemming from the dissolution of their marriage . . . since December of 2013. The litigation has spawned a plethora of filings, and deluge

---

[*] Retired Senior Judge assigned to the Superior Court.

of appeals." Trial Ct. Order. & Op. Denying Father's Appl. for Stay of Proceedings & Sentence, 11/1/18, at 1.

On June 14, 2018, York County Domestic Relations Section filed a petition for contempt against Father. Pet. for Contempt, 6/14/18. According to the petition, on September 7, 2017, the trial court had ordered Father to pay monthly support of $1,002.17, and arrears of $40 per month. *Id.*

On July 18, 2018, the trial court held a hearing, at which Father appeared *pro se*. Father conceded that he did not make payments during certain timeframes "because of an inability to pay." N.T. Hr'g, 7/18/18, at 10.

That same day, the trial court ordered that it "does find you in contempt of court for failure to make regular and timely payments as ordered." Order, 7/18/18, at 1-2 (some formatting altered). The remainder of the trial court's order follows:

> The court is going to give you one final opportunity to be compliant. I am issuing an incarceration sentence of 45 days, but I am suspending it conditioned on you not missing a full monthly payment effective immediately, which means including the month of July. Should you violate that condition, you'll have a rule to show cause hearing issued as to why you should not be incarcerated. You'll have a cash purge if you are incarcerated of $2,000 or a work purge of 30 days in the outmate program. The court is imposing an additional 12-month probationary sentence conditioned on you paying support as ordered, reporting all status changes within 7 days of their occurrence, complying with the job search requirements, as well as all other policies and procedures of domestic relations.

*Id.* at 2 (some formatting altered).

Father filed a *pro se* motion for reconsideration, which asserted, among other things, that the court's "sentencing order was illegal. The Supreme Court has determined that suspended jail sentences are not a sanction available to the court."[1] Father's Mot. for Reconsid., 8/3/18, at ¶ 14. The trial court denied Father's motion on August 7, 2018.

On August 9, 2018, Father, *pro se*, filed a timely notice of appeal from the July 18, 2018 order. The trial court did not order Father to comply with Pa.R.A.P. 1925(b).

Initially, we address whether we may exercise appellate jurisdiction over Father's appeal from the July 18, 2018 order. *See Massaro v. Tincher Contracting LLC*, 204 A.3d 932, 933 (Pa. Super. 2019) ("We may raise whether this Court has jurisdiction *sua sponte*" (citation omitted)).

In *Foulk v. Foulk*, 789 A.2d 254 (Pa. Super. 2001) (*en banc*), this Court addressed the appealability of a trial court order holding the appellant in contempt and sentencing the appellant to a prison term of three months with a purge condition of, among other things, paying the appellee the amount owed under the parties' marital property agreement. *Foulk*, 789 A.2d at 255-56. The *en banc* Court summarized conflicting lines of cases, and held as follows:

_____

[1] Father's motion for reconsideration did not cite any caselaw or other legal authorities.

- 3 -

> When a contempt order that imposes sanctions also contains a purge condition, the purge condition does not transform a final, appealable order into one that is interlocutory. If that were so, a contemnor in a civil contempt action would not be able to appeal the contempt order until he/she was incarcerated or had paid the sums owing as sanctions for contempt. It seems inappropriate and unnecessarily harsh for a contemnor in a civil contempt action to undergo incarceration or fulfill another sanction before this Court will accept an appeal of a contempt order. Rather, we conclude that, for a contempt order to be properly appealable, it is only necessary that the order impose sanctions on the alleged contemnor, and that no further court order be required before the sanctions take effect.

*Id.* at 258; *accord Rhoades v. Pryce*, 874 A.2d 148, 151 (Pa. Super. 2005) (*en banc*) (noting that it is "also common in civil contempt for a court to impose a conditional prison sentence, giving the contemnor an opportunity to purge the contempt and avoid the sentence by compensating the opposing party . . . or doing some other affirmative act within a certain time period" (citation omitted)). The *Foulk* Court held that the "purge condition [at issue] allowed [the appellant] 'to carry the keys to the jail in his pocket,' and no further order was required for the specified sanctions to become effective." *Foulk*, 789 A.2d at 258. Therefore, the *Foulk* Court held the contempt order was final and appealable, and ultimately affirmed the order. *Id.* at 258, 260.

Here, as set forth above, the trial court held Father in contempt and imposed a suspended sentence of incarceration with a condition of "not missing a full monthly payment" in order to avoid the sentence. Order, 7/18/18, at 2. The court also imposed a twelve-month probationary sentence conditioned on Father paying support, "reporting all status changes within 7

days of their occurrence, complying with the job search requirements, as well as all other policies and procedures of domestic relations." ***Id.*** To paraphrase the ***Foulk*** Court's reasoning, Father carried the keys to the jail in his pocket, and no further trial court order was necessary for the aforementioned conditions to become effective. ***See Foulk***, 789 A.2d at 258. For these reasons, we conclude the instant contempt order is a final appealable order. ***See id.***

With respect to Father's suspended sentence for contempt, we note that "[I]egality of sentence questions are not waivable and may be raised *sua sponte* by this Court." ***Commonwealth v. Watley***, 81 A.3d 108, 117 (Pa. Super. 2013) (citations omitted). Recently, in ***Thompson v. Thompson***, 223 A.3d 1272 (Pa. 2020), our Supreme Court held that "a suspended sentence is not a legal sanction for contempt of a support order."[2] ***Thompson***, 223 A.3d at 1273. In ***Thompson***, the trial court sentenced the mother to six months' incarceration "to be suspended upon the following conditions," which included timely payment of her support obligation.[3] ***Id.*** at 1274. The ***Thompson*** Court reasoned that "[t]rial courts are bound to . . . impose only one or more

_____

[2] ***Thompson*** was decided after the instant parties filed their appellate briefs.

[3] In ***Thompson***, the mother agreed she had the present ability to pay the monthly amount of support. ***Thompson***, 223 A.3d at 1274; ***see also*** Pa.R.C.P. 1910.25-5(b) (stating that at the evidentiary hearing, the trial court "shall make a finding, on the record, as to whether the respondent, based upon the evidence presented at the hearing, does or does not have the present ability to pay the court-ordered amount of support").

of the three punishments identified in [23 Pa.C.S. §] 4345(a) for civil contempt of a child support order. Because the trial court in this case did not impose any of the punishments authorized by the statute, its sentence was illegal." ***Id.*** at 1279. "When a trial court imposes a sentence outside of the legal parameters prescribed by the applicable statute, the sentence is illegal and should be remanded for correction." ***Commonwealth v. Vasquez***, 744 A.2d 1280, 1284 (Pa. 2000) (citation omitted).

Here, we raise the issue of Appellant's legality of sentence *sua sponte*.[4] ***See Watley***, 81 A.3d at 117. The trial court's order held Father in contempt but also imposed a suspended sentence subject to a condition of "not missing a full monthly payment effective immediately." Order, 7/18/18, at 2. The ***Thompson*** Court held that a suspended sentence "is not a legal sanction for contempt of a support order." ***See Thompson***, 223 A.3d at 1273. In accordance with the ***Thompson*** Court's holding, we vacate the trial court's order and remand for further proceedings. ***See*** 23 Pa.C.S. § 4345; ***Thompson***, 223 A.3d at 1273-74; ***Vasquez***, 744 A.2d at 1284. On remand, the trial court must comply with all pertinent Rules of Civil Procedure governing civil contempt of a support order, including an on-the-record

---

[4] Although Father challenged the legality of his sentence in his *pro se* motion for reconsideration, Father's appellate counsel did not raise the issue in his appellate brief. In any event, ***Thompson*** was issued after Father filed his counseled appellate brief.

determination as to whether Father "does or does not have the present ability to pay the court-ordered amount of support." **See** Pa.R.C.P. 1910.25-5(b).

Order vacated. Case remanded with instructions.[5] Jurisdiction relinquished.

Judge Strassburger did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/17/2021

---

[5] Appellant's appointed counsel must continue to represent Appellant as long as Appellant is indigent and the trial court continues to find a likelihood of imprisonment due to contempt. **See Commonwealth v. Diaz**, 191 A.3d 850, 862 (Pa. Super. 2018).