J-A01019-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DENISE COOPER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KRATZ ENTERPRISES, INC., JOHN | : | No. 993 EDA 2022 |
| FRANKENFIELD, FRANCONIA | : | |
| ASSOCIATES, LP, AND FRANCONIA | : | |
| ASSOCIATES, LLP | : | |

Appeal from the Order Entered April 29, 2020
In the Court of Common Pleas of Montgomery County Civil Division at
No(s): 2018-06172

| | | |
|---|---|---|
| DENISE COOPER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KRATZ ENTERPRISES, INC., JOHN | : | No. 287 EDA 2023 |
| FRANKENFIELD, FRANCONIA | : | |
| ASSOCIATES, LP, AND FRANCONIA | : | |
| ASSOCIATES, LLP | : | |

Appeal from the Order Entered April 29, 2020
In the Court of Common Pleas of Montgomery County Civil Division at
No(s): 2018-06172

BEFORE:  LAZARUS, J., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED MARCH 30, 2023**

In these consolidated appeals,[1] Denise Cooper (Appellant) appeals from

---

[1] On February 7, 2023, this Court consolidated the appeals *sua sponte* pursuant to Pa.R.A.P. 513.  Order, 2/7/23.

the orders granting the motions for summary judgment filed by Appellees Kratz Enterprises, Inc. (Kratz) and John Frankenfield, Franconia Associates, LP, and Franconia Associates, LLP (collectively, Landlord), in the underlying personal injury action. Appellant contends that the trial court erred in granting Appellees' motions for summary judgment because the trial court failed to consider the record in the light most favorable to Appellant as the non-moving party. Appellant also argues that the trial court erred in concluding that Appellant waived her issues because she failed to comply with local rules of civil procedure. We affirm.

The trial court summarized the factual and procedural history as follows:

[Appellant] is an adult individual, who at the time of the alleged [injury], resided in Montgomery County, Pennsylvania. At all relevant times [Appellant] was employed as the office manager for DelVal Integrative Health Partners ("DelVal") on Telford Pike, in Telford, Montgomery County.

[Landlord] . . . owned and managed a property located at 205 Telford Pike in Telford, Montgomery County that [Landlord] leased to DelVal. [Kratz] . . . is a Pennsylvania corporation with a principal place of business in Souderton, Montgomery County.

On or about Wednesday, March 30, 2016, with the knowledge and approval of [John] Frankenfield, Kratz installed and/or modified the heating system located in the Telford Pike Property leased by DelVal. [Appellant] was present and working in the office during this installation and/or modification. On Wednesday, April 13, 2016, two weeks after the installation, [Appellant] wrote to [John] Frankenfield by e-mail complaining for the first time there had been an odor/chemical in the office since the installation and asked if [the heating system] could be checked out to make sure [that] the unit was functioning properly.

According to [Appellant], the installation process of the heating system included a "burn-off" that released "toxic and hazardous substances" into the office resulting in harm to [Appellant].

- 2 -

[Appellant] filed a civil action in tort by complaint on March 28, 2018. On July 12, 2018, [Appellant] filed an amended complaint alleging seven (7) counts against Appellees including intentional tort — battery by exposure to toxic and hazardous substances, breach of the implied warranties of habitability and quiet enjoyment, negligence, and negligent infliction of emotional distress.

[Landlord] filed answers with new matter and cross-claims [for indemnification and/or contribution against Kratz] on July 31, 2018, and amended answers with new matter and [the same] cross-claims on August 7, 2018. Kratz filed an answer to [Appellant's amended] complaint on August 1, 2018, and answers to [Landlord's] cross-claims on August 22, 2018. . . .

On February 10, 2020, Kratz and [Landlord] filed motions for summary judgment, both seeking the dismissal of [Appellant's] [amended] complaint against them with prejudice due to lack of evidence in support of her claims. [Landlord's Mot. for Summ. J., 2/10/20, R.R. at 8a-94a;[2] Kratz's Mot. for Summ. J., 2/10/20, R.R. at 95a-494a. Appellant] filed two motions for extraordinary relief on February 20, 2020, seeking additional time [to conduct discovery, arguing that] . . . "the incomplete discovery commended before February 2, 2020, is necessary to respond to [Appellees'] dispositive motions." [R.R. at 498a, 517a].

On March 2, 2020, [Appellant] filed a "brief in opposition to defendant, Kratz Enterprises Inc.'s motion for summary judgment" and a "brief in opposition to defendant[, Landlord's] motion for summary judgment". [R.R. at 538a-631a, 632a-776a. Among other exhibits, Appellant attached copies of an expert report written by Frederick W. Fochtman, Ph.D. and Dr. Fochtman's curriculum vitae of to her briefs. *Id.* at 602a-16a, 704a-18a. In his report, Dr. Fochtman opined that Appellant had developed an allergy to chemicals in a rust preventative used in the heating system at the Telford Pike Property. *Id.* at 603a, 605a, 705a, 707a. In support of his conclusion, Dr. Fochtman relied on, among others, the safety data sheet for the rust preventative. *Id.* at 603a-05a, 705a-07a.] [Appellant] did not file an answer, cover sheet, or a proposed order to either motion pursuant to Montgomery County Local Rules.

---

[2] We may cite to the reproduced record for the parties' convenience.

. . . Following oral argument, the Honorable Jeffrey S. Saltz denied [Appellant's] motion for extraordinary relief by order docketed on March 5, 2020. [R.R. at 909a].

Trial Ct. Op., 7/14/22, at 1-5 (some citations omitted and some formatting altered).

On April 29, 2020, the trial court issued separate orders granting Kratz's and Landlord's motions for summary judgment and dismissed all claims against Appellees with prejudice. R.R. at 938a-40a. Appellant filed timely notices of appeal on May 26, 2020.[3] The trial court did not transmit these notices of appeal to this Court at that time. On or about April 18, 2022, Appellant, through counsel, sent the Superior Court docketing fee to the trial court prothonotary. The trial court's prothonotary then transmitted Appellant's notices of appeal to this Court.[4]

---

[3] Additionally, Appellant filed several motions between April 30, 2020 and May 25, 2020. These included motions for reconsideration of the April 29, 2020 summary judgment orders. **See, e.g.**, R.R. at 941a-1076a (motion for reconsideration of order granting Kratz's motion for summary judgment); 1077a-1267a (motion for reconsideration of order granting Landlord's motion for summary judgment). The trial court did not rule on these motions before Appellant filed her notices of appeal, but that does not affect our jurisdiction. **See Gardner v. Consol. Rail Corp.**, 100 A.3d 280, 283 (Pa. Super. 2014) (stating that "it is well-settled that a motion for reconsideration, unless expressly granted within the thirty-day appeal period, does not toll the time period for taking an appeal from a final, appealable order. . . . If a trial court fails to grant reconsideration expressly within the prescribed 30 days, it loses the power to act upon both the petition [for reconsideration] and the original order" (citations and quotation marks omitted)).

[4] This Court's Prothonotary received Appellant's notices of appeal from the trial court on April 22, 2022, and collectively docketed them at 993 EDA 2022. Upon review, this Court assigned Appellant's second notice of appeal to docket
*(Footnote Continued Next Page)*

- 4 -

The trial court did not order Appellant to comply with Pa.R.A.P. 1925(b). The trial court issued a Rule 1925(a) opinion concluding that Appellant's appeals should be dismissed because of her failure to comply with the Pennsylvania Rules of Appellate Procedure. *See* Trial Ct. Op. at 9-11. The trial court also suggested that these appeals were taken from non-final orders. *See id.* at 6. In the alternative, the trial court concluded that its orders should be affirmed because Appellant failed to properly supplement the record with evidence that would have precluded summary judgment in favor of Appellees. *See id.* at 11.

Appellant raises the following issues, which we restate as follows:

1. Whether the trial court erred in by failing to view the evidence in the light most favorable to Appellant as the non-moving party and whether ***Bourgeois v. Snow Time, Inc.***, 242 A.3d 637 (Pa. 2020), which was decided while [these appeals] was pending, requires reversal?

2. Whether the trial court erred in concluding that Appellant waived her issues because she did not comply with Montgomery County Rule of Civil Procedure 1035.2?

Appellant's Brief at 10-12.[5]

_____

number 287 EDA 2023. As stated above, this Court then consolidated the appeals *sua sponte*.

[5] Appellant notes that she raised three additional issues in her civil docketing statement and in her designation of contents of reproduced record, but has focused her argument on the two questions presented in her brief. *See* Appellant's Brief at 10 n.4. Appellant further states "that to the extent that the discussion of any one of the issues stated above may raise ancillary issues identified in either her Rule 3517 Civil Docketing Statement or her Rule
*(Footnote Continued Next Page)*

## Jurisdiction

Before we address the merits of Appellant's claims, we first consider whether we have jurisdiction over these appeals. *See Massaro v. Tincher Contracting LLC*, 204 A.3d 932, 933 (Pa. Super. 2019) (explaining that "[w]e may raise whether this Court has jurisdiction *sua sponte*" (citation omitted)). "[T]he appealability of an order directly implicates the jurisdiction of the court asked to review the order." *Knopick v. Boyle*, 189 A.3d 432, 436 (Pa. Super. 2018) (citation omitted).

Generally, "[f]or an order to be appealable, it must be (1) a final order, Pa.R.A.P. 341-342; (2) an interlocutory order appealable by right or permission, 42 Pa.C.S. § 702(a)-(b); Pa.R.A.P. 311-312; or (3) a collateral order, Pa.R.A.P. 313." *Ashdale v. Guidi Homes, Inc.*, 248 A.3d 521, 525 (Pa. Super. 2021).

---

2154(a) Designation, [Appellant] hereby incorporates those issues by reference herein." *Id.* Our Supreme Court has stated that "our appellate rules do not allow incorporation by reference of arguments contained in briefs filed with other tribunals, or briefs attached as appendices, as a substitute for the proper presentation of arguments in the body of the appellate brief." *Commonwealth v. Briggs*, 12 A.3d 291, 343 (Pa. 2011). Therefore, we limit our analysis to the issues included in, or fairly suggested by, the statement of issues in Appellant's brief, and we conclude that Appellant's additional issues are waived on appeal. *See* Pa.R.A.P. 2116 (stating that "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby"); *see also In re R.A.M.N.*, 230 A.3d 423, 431 (Pa. Super. 2020).

Rule 341 of our Rules of Appellate Procedure provides, in relevant part:

**(a) General rule.** . . . . an appeal may be taken as of right from any final order of a government unit or trial court.

**(b) Definition of final order.** A final order:

(1) disposes of all claims and of all parties . . . .

Pa.R.A.P. 341(a), (b)(1).

This Court has explained that with respect to Pa.R.A.P. 341:

The key inquiry in any determination of finality is whether there is an outstanding claim. If any claim remains outstanding and has not been disposed of by the trial court, then it does not matter whether the claim is classified as a counterclaim or a bifurcated claim, for the result is the same: this Court lacks jurisdiction to entertain the appeal unless the appeal is interlocutory or we grant permission to appeal.

*Levitt v. Patrick*, 976 A.2d 581, 588 (Pa. Super. 2009) (citations omitted).

However, this Court has recognized that a claim for indemnity and contribution that one defendant has raised against another defendant becomes moot when all of the plaintiff's claims are dismissed. *See, e.g.*, *Oliver v. Ball*, 136 A.3d 162, 166 n.2 (Pa. Super. 2016) (concluding that an order entering compulsory nonsuit was a final order because the plaintiff "did not succeed against [the Ball defendants] on the underlying action, and as a result, [the Ball defendants'] claims [for indemnity and contribution] against the Hanna defendants became moot").

When an order enters summary judgment on all claims and with respect to all parties, it is immediately appealable, and it is not necessary for any of the parties to file a *praecipe* to enter judgment. *See Gartland v. Rosenthal*,

850 A.2d 671, 672 n.1 (Pa. Super. 2004); **Progressive Home Fed. Sav. & Loan Ass'n v. Kocak**, 518 A.2d 808, 809 (Pa. Super. 1986).

When an appellant files a notice of appeal, the appellant must pay any associated fees. **See** Pa.R.A.P. 905(c). Further, Rule 905 provides that "[u]pon receipt of the notice of appeal, the clerk shall immediately stamp it with the date of receipt, and that date shall constitute the date when the appeal was taken, . . ." Pa.R.A.P. 905(a)(3). Additionally, an appellant must serve copies of the notice of appeal to, among others, all parties to the case and the trial court judge. **See** Pa.R.A.P. 906(a)(1)-(2). However, the "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but it is subject to such action as the appellate court deems appropriate, . . ." Pa.R.A.P. 902.

This Court has explained that "the perfection of the appeal does not depend in any way on the payment of the filing fee." **First Union Nat. Bank v. F.A. Realty Inv. Corp.**, 812 A.2d 719, 723 (Pa. Super. 2002). Further, this court "has the authority to dismiss an appeal on the basis of failure to tender the required fee; however, that authority is a discretionary remedy which the appellate court can impose if circumstances warrant. Dismissal is therefore not obligatory in all instances." **Id.** Where the record does not establish that an appellant "deliberately failed to pay the required fee, or is engaged in a habitual pattern of filing appeals and then delaying payment of the fees[,]" this Court will not dismiss an appeal when the appellant delays in paying the filing fee. **Id.** Further, this Court has declined to quash an appeal

- 8 -

where the appellant failed to serve a copy of the notice of appeal on the trial court judge. ***See Meadows v. Goodman***, 993 A.2d 912, 914 (Pa. Super. 2010).

Here, the trial court notes that "[Landlord] never filed a *praecipe* to withdraw their counterclaims against Kratz and none of the Appellees filed a *praecipe* to enter judgment, therefore the docket remained open." Trial Ct. Op. at 6. The trial court does not, however, explicitly state that its April 28, 2022 summary judgment orders are not final, appealable orders. ***See id.*** Additionally, the trial court explains that Appellant failed to timely pay the appellate filing fee and failed to serve copies of her notices of appeal on the trial court. ***See id.*** at 6-11. The trial court characterizes Appellant's failures to comply with the Rules of Appellate Procedure as part of a pattern of Appellant violating various Pennsylvania Rules of Civil Procedure and Montgomery County Local Rules of Civil Procedure. ***See id.*** Therefore, the trial court suggests that these appeals should be dismissed. ***See id.*** at 11.

Our review of the record indicates that the trial court's April 29, 2020 orders granted Appellees' summary judgment motions and dismissed all of Appellant's claims with prejudice. ***See*** R.R. at 938a-40a. Therefore, Landlord's cross-claims for indemnity and contribution against Kratz are moot. ***See, e.g.***, ***Oliver***, 136 A.3d at 166 n.2. Additionally, because the trial court's orders entered summary judgment with respect to all claims and parties, they were immediately appealable, and it was not necessary for Appellant to file *praecipes* to enter judgment. ***See Gartland***, 850 A.2d at 672 n.1; ***Kocak***,

518 A.2d at 809. Therefore, these appeals are properly before this Court as appeals from final orders. **See** Pa.R.A.P. 341; **see also Ashdale**, 248 A.3d at 525.

As for Appellant's delay in tendering the appellate filing fee and Appellant's failure to serve the trial court with copies of her notices of appeal, we disagree with the trial court that Appellant has engaged in a pattern of disregarding procedural rules. **See** Trial Ct. Op. at 7-11.[6] The record does not establish that Appellant deliberately failed to pay the filing fee, nor does the record demonstrate a pattern of Appellant filing appeals and then delaying payment of filing fees. **See First Union Nat. Bank**, 812 A.2d at 723. Likewise, this Court will not quash these appeals because Appellant failed to serve copies of the notices of appeal on the trial court. **See** Pa.R.A.P. 902; **Meadows**, 993 A.2d at 914. For these reasons, we decline to quash these appeals.

---

[6] We disagree with the trial court's conclusion that Appellant's failure to comply with Local Rules of Civil Procedure was sanctionable because here the trial court failed to provide Appellant with notice of the violation and a reasonable time to comply. **See** Pa.R.J.A. 103(d)(8). Further, we disagree with the trial court that Appellant violated Pa.R.C.P. 227.1(f) when she filed her motions for reconsideration. Rule 227.1 governs post-trial motions, therefore, it does not apply to motions seeking reconsideration of orders granting summary judgment. **See** Pa.R.C.P. 227.1; **see also Wells Fargo Bank N.A. v. Spivak**, 104 A.3d 7, 10 n.8 (Pa. Super. 2014) (explaining that parties may not file post-trial motions when a trial court grants a motion for summary judgment).

**Appellant's Expert Report**

Appellant argues that the trial court erred in granting summary judgment in favor of Appellees because the trial court failed to view the evidence in the light most favorable to Appellant as the non-moving party. Appellant's Brief at 26-32. Specifically, Appellant refers to the report from Appellant's pharmacology and toxicology expert, Dr. Fochtman, which Appellant attached to her responses in opposition to Appellees' motions for summary judgment. *Id.* at 28-32. Appellant contends that the trial court failed to "acknowledge the existence of Dr. Fochtman's expert report, let alone the report's conclusion" which demonstrates that the trial court failed to "view the evidence in a light most favorable to the non-moving party[.]" *Id.* at 31 (citing *Bourgeois*, 242 A.3d at 652[7]). Therefore, Appellant concludes that the trial court's orders granting Appellees' motions for summary judgment should be reversed and this case remanded for trial. *Id.* at 31-32.

_____

[7] In her statement of questions, Appellant argues that although our Supreme Court announced its decision in *Bourgeois* after the trial court entered its orders granting Appellees' motions for summary judgment, the rationale of *Bourgeois* is still applicable because it was decided while these appeals were pending. Appellant's Brief at 11-12. However, Appellant acknowledges that the *Bourgeois* Court relied on prior precedent to reach its conclusion. *Id.* at 31 n.12. We conclude that *Bourgeois* did not announce a new rule of law; instead the *Bourgeois* Court reiterated what our Supreme Court and this Court has previously held. *See Bourgeois*, 242 A.3d at 652 (stating that "[a]pplying [*Summers v. Certainteed Corp.*, 997 A.2d 1152 (Pa. 2010)] to this case, we conclude the Superior Court erred in excusing the trial court's failure to view the experts' conclusions in the light most favorable to the [non-moving parties]"); *see also id.* (citing *Greely v. West Penn Power Co.*, 156 A.3d 276, 283 (Pa. Super. 2017)).

Our standard of review for summary judgment is well settled:

In reviewing an order granting summary judgment, our scope of review is plenary, and our standard of review is the same as that applied by the trial court.

An appellate court may reverse the entry of a summary judgment only where it finds that the lower court erred in concluding that the matter presented no genuine issue as to any material fact and that it is clear that the moving party was entitled to a judgment as a matter of law. In making this assessment, we view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. As our inquiry involves solely questions of law, our review is *de novo*.

Thus, our responsibility as an appellate court is to determine whether the record either establishes that the material facts are undisputed or contains insufficient evidence of facts to make out a *prima facie* cause of action, such that there is no issue to be decided by the fact-finder. If there is evidence that would allow a fact-finder to render a verdict in favor of the non-moving party, then summary judgment should be denied.

*Sampathkumar v. Chase Home Fin., LLC*, 241 A.3d 1122, 1144 (Pa. Super. 2020) (citation omitted and formatting altered); *see also Bourgeois*, 242 A.3d at 649 (stating that an appellate court's standard of review for a grant of summary judgment is "*de novo* and our scope of review is plenary" (citations omitted)). Further, "[i]t is well-settled that we may affirm the trial court's order on any valid basis." *Seneca Res. Corp. v. S & T Bank*, 122 A.3d 374, 387 n.13 (Pa. Super. 2015) (citation and quotation marks omitted)).

Additionally, this Court has explained:

The failure to develop an adequate argument in an appellate brief may result in waiver of the claim under Pa.R.A.P. 2119. We shall

not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument; instead, we will deem issue to be waived.

***Milby v. Pote***, 189 A.3d 1065, 1079 (Pa. Super. 2018) (citations omitted and formatting altered); ***see also Commonwealth v. Kane***, 10 A.3d 327, 331 (Pa. Super. 2010) (stating that "when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived" (citations omitted)).

Here, Appellant asserts that in his expert report, Dr. Fochtman:

[O]pined upon the duties owed by each of the two defendant groups and the fact that each group had breached that duty and as result had caused [Appellant's] permanent pulmonary and immunologic injuries and damages as a result of being exposed to the chemical "burn-off" of the Kratz installed furnace on the roof of the [Landlord] owned build in which [Appellant] worked.

***See*** Appellant's Brief at 25.

Appellant contends, without any discussion of the report's contents, that the trial court erred because it failed to consider the report in the light most favorable to Appellant. ***See id.*** at 31-32. Appellant does not explain how Dr. Fochtman's report establishes the existence of any genuine issues of material fact regarding Appellant's claims against Appellees or where in the report Dr. Fochtman stated conclusions related to any genuine issues of material fact. ***See id.*** at 26-32. Appellant also failed to discuss the standards necessary to make *prima facie* cases for her seven causes of action against Appellees. Rather, Appellant offers only conclusory assertions that the trial court's

- 13 -

summary judgment orders must be reversed because the trial court failed to consider Dr. Fochtman's report when reviewing the record. ***See id.*** at 30-32.

We note that this Court applies the same standard of review as the trial court when reviewing an order for summary judgment and this Court must also review the entire record in the light most favorable to the non-moving party. ***See Sampathkumar***, 241 A.3d at 1144. Therefore, even if the trial court erred by failing to consider Dr. Fochtman's report, as part of our review, we must review the report to determine if it raises a genuine issue of material fact. ***See id.***; ***see also Bourgeois***, 242 A.3d at 658-59 (concluding that viewing the expert reports in the light most favorable to the plaintiffs, the reports raised a genuine issue of material fact as to the increased the risk of harm). However, Appellant has failed to develop her claim that Dr. Fochtman's expert report, when viewed in the light most favorable to Appellant, creates one or more genuine issues of material fact with specific arguments about the report's contents and with references to the record. Accordingly, we conclude that Appellant has waived her claim. ***See Milby***, 189 A.3d at 1079; ***Kane***, 10 A.3d at 331; Pa.R.A.P. 2119; ***cf. Bourgeois***, 242 A.3d at 654-56 (on appeal to our Supreme Court, the plaintiffs developed their claims by arguing that their expert reports raised genuine issues of material fact about whether the defendant's conduct increased the risk of serious injury to the plaintiffs).

In any event, even if Appellant properly developed her claim that Dr. Fochtman's expert report raises genuine issues of material fact, Appellant would not be entitled to relief.

Recently, this Court explained that, pursuant to Pa.R.C.P. 1035.1(3), "expert reports need only be **submitted, not filed**, in order to be considered in ruling on the motion for summary judgment." *Monroe v. CBH20, LP*, 286 A.3d 785, 802 (Pa. Super. 2022) (*en banc*) (*per curiam*) (emphasis added).[8] Therefore, the *Monroe* Court held that the trial court had erred in relying on *Scopel v. Donegal Mut. Ins. Co.*, 698 A.2d 602 (Pa. Super. 1997) to conclude the plaintiff's expert report, which was attached to plaintiff's brief in opposition to the defendant's summary judgment motion, was not part of the record. *Id.* at 802. This Court further distinguished *Scopel* because the plaintiff had filed her brief and the expert report with the trial court, making them part of the record. *Id.* at 802-03.

Our Supreme Court has explained that at the summary judgment stage the trial court must consider expert reports in the light most favorable to the non-moving party, "**so long as the conclusions contained within those reports are sufficiently supported**, . . ." *Summers*, 997 A.2d at 1161 (citation omitted and emphasis added).

---

[8] "The general rule followed in Pennsylvania is that we apply the law in effect at the time of an appellate decision. Thus, a party whose case is pending on direct appeal is entitled to the benefit of changes in law which occur before the judgment becomes final." *Amato v. Bell & Gossett*, 116 A.3d 607, 617 (Pa. Super. 2015) (citations omitted and formatting altered).

However, "[a] plaintiff cannot survive summary judgment when mere speculation would be required for the jury to find in plaintiff's favor. . . ." ***Krishack v. Milton Hershey Sch.***, 145 A.3d 762, 766 (Pa. Super. 2016) (citation omitted). In ***Krishack***, the trial court granted the defendant's motion for summary judgment, reasoning that the plaintiff's expert reports contained speculative assumptions that plaintiff was exposed to a disease-causing fungus while a student at the defendant school. ***Id.*** at 766-67. The trial court noted that neither expert conducted tests on the soil around the school to confirm the presence of that fungus. ***Id.*** This Court affirmed, explaining that one expert's conclusion required "impermissible speculation and conjecture." ***Id.*** at 767 (citation omitted and formatting altered).

After reviewing the record[9] in the light most favorable to Appellant as the non-moving party, we conclude that Appellant's expert report does not raise a genuine issue of material fact because it is based on conjecture and not on facts. ***See Krishack***, 145 A.3d at 766-68. In his report, Dr. Fochtman explains that Landlord hired Kratz to install a new heating system in the building where Appellant worked. ***See*** R.R. at 603a, 705a. Afterwards, Appellant reported a chemical odor in her workplace and began receiving medical treatment for problems with her nose and throat. ***See id.*** at 603a-

---

[9] Appellant properly supplemented the record with Dr. Fochtman's report by filing it as an exhibit to her briefs in opposition to Appellees' summary judgment motions. ***See Monroe***, 286 A.3d at 802-03; Pa.R.C.P. 1035.1(3); ***see also*** R.R. at 5a (trial court docket entries).

04a, 705a-06a. Dr. Fochtman opined that several harmful chemicals found in a rust preventative used in the heating system were the cause of the odor in Appellant's workplace. ***See id.*** at 603a, 705a. Dr. Fochtman concluded that Appellant developed an allergy to those chemicals and that this allergy has negatively impacted her health. ***See id.*** at 602a-06a, 704a-08a. In support of his conclusion, Dr. Fochtman referred to a safety data sheet for the rust preventative which lists several of the chemicals that he identified among its components. ***See id.*** at 603a, 605a, 705a, 707a; ***see also id.*** at 269a-82a (the safety data sheet for the rust preventative).

However, there is no evidence in the record to indicate that this rust preventative was used in the heating system that Kratz installed in Landlord's building. Further, Appellant has not presented any evidence that the harmful chemicals that Dr. Fochtman identified were present in her workplace. Similar to the expert reports in ***Krishack***, Dr. Fochtman's conclusions are not sufficiently supported by the facts; instead, his report relies on speculation or conjecture that the heating system contained the rust preventative identified in the safety data sheet. ***See Krishack***, 145 A.3d at 766-68; ***cf. Summer***, 997 A.2d at 1161. Therefore, were we to reach this issue, even when viewed in the light most favorable to Appellant as the non-moving party, we would conclude that Appellant failed to identify any genuine issues of material fact that the heating system in her workplace contains harmful substances which caused her medical condition. ***See Summer***, 997 A.2d at 1161; ***Sampathkumar***, 241 A.3d at 1144.

For the reasons stated above, we affirm the orders of the trial court granting summary judgment in favor of Appellees. **_See Seneca Res. Corp._**, 122 A.3d at 387 n.13 (noting that this Court "may affirm the trial court's order on any valid basis" (citation omitted)).

Orders affirmed.


*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date:* _3/30/2023_