J-A28036-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| BANK OF NEW YORK MELLON TRUST COMPANY, N.A., AS TRUSTEE FOR FIRST ALLIANCE MORTGAGE LOAN TRUST 1997-3, MORTGAGE LOAN ASSET BACKED CERTIFICATES, SERIES 1997-3 | : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : | |
| | : | No. 1538 EDA 2022 |
| v. | : : : | |
| | : : | |
| CONSTANTINA LIMBERIS AND EFSTRATIA LIMBERIS | : : | |

Appeal from the Order Entered April 28, 2022
In the Court of Common Pleas of Montgomery County Civil Division at
No(s): 1999-10749

BEFORE: PANELLA, P.J., LAZARUS, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:          **FILED JUNE 13, 2023**

Bank of New York Mellon Trust Company, N.A. as Trustee for First Alliance Mortgage Loan Trust 1997-3, Mortgage Loan Asset Backed Certificates, Series 1997-3 ("BNYM") appeals from the order denying its petition to reinstate an action terminated for inactivity. Following our review, we quash.

The trial court set forth, in relevant part, the factual and procedural history as follows:

> This action was commenced on June 24, 1999, when First Alliance Mortgage Company ("First Alliance") filed a Complaint in Mortgage Foreclosure against [d]efendants Constantina Limberis and Efstratia Limberis.

* * * *

[I]n August [] 2018, [following: a name change by the plaintiff, from First Alliance Mortgage Company to BNYM; years of inactivity and several notices of proposed termination and statements of intent to proceed; and several substitutions of counsel from various law firms, the] law firm, Duane Morris LLP ("Duane Morris"), was substituted as counsel for [BNYM]. On the same date, Duane Morris filed a [s]tatement of [i]ntent to [p]roceed.

[O]n March 29, 2021, . . . after two years of docket inactivity, the [p]rothonotary issued a fifth [n]otice of [p]roposed [t]ermination . . . . . . . The deadline for filing a statement of intent[] to proceed was specified as April 28, 2021. The [n]otice was filed of record, and the docket shows that electronic notice was sent by email to three email addresses at Duane Morris. No response was filed to the [n]otice, and on May 4, 2021, the [p]rothonotary marked the case as "Terminated" on the docket. The docket shows that electronic notice of the docket entry was emailed to the same three email addresses at Duane Morris. [The prothonotary issued no order terminating the case, and, thus, no order was provided to BNYM.]

On January 10, 2022, [BNYM] filed a Motion to Reinstate Case to Active Status. . . . The [m]otion argued[, *inter alia*,] that the [p]rothonotary had not strictly complied with the requirements of [Pa.R.C.P.] 230.2 . . . ..

\* \* \* \*

By [o]rder dated April 28, 2022, the [trial c]ourt denied the [m]otion to [r]einstate[, and the court subsequently denied BNYM's motion for reconsideration. BNYM] filed a timely [n]otice of [a]ppeal [and, thereafter, a concise] [s]tatement of [e]rrors [c]omplained of on [a]ppeal [p]ursuant to Pa.R.A.P. 1925(b) . . . ..

Trial Court Opinion, 7/20/22, at 1-4.

We initially consider whether we have jurisdiction over this appeal. *See*

*Bailey v. RAS Auto Body, Inc.*, 85 A.3d 1064, 1067-68 (Pa. Super. 2014)

(noting that we may consider whether an order is appealable *sua sponte*).

Generally, "an appeal may be taken as of right from any final order of a . . . trial court." Pa.R.A.P. 341(a).[1] A final order is any order that "(1) disposes of all claims and of all parties; or . . . (3) is entered as a final order pursuant to paragraph (c) of this rule; or (4) is an order pursuant to paragraph (f) [pertaining to Post Conviction Relief Act Orders]." Pa.R.A.P. 341(b). Without a final order, or some other applicable basis on which this Court may exercise jurisdiction, this Court must quash the appeal. ***See***, ***e.g.***, ***Massaro V. Tincher Contracting LLC***, 204 A.3d 932, 933 (Pa. Super. 2019).

Pennsylvania Rule of Civil Procedure 230.2 provides for the termination of inactive cases. In cases where there has been no activity for two years or more, the court "shall serve a notice of proposed termination on counsel of record . . .. The notice shall contain the date of the proposed termination and the procedure to avoid termination." Pa.R.C.P. 230.2(b)(1). Rule 230.2(c) provides that "[i]f no statement of intention to proceed has been filed on or before the date of the proposed termination, the prothonotary ***shall enter an order*** as of course terminating the matter for failure to prosecute." ***Id***., 230.2(c) (emphasis added).[2] Thus, "Rule 230.2 . . . provides the mechanism

---

[1] Other bases for this Court's jurisdiction include an appeal from: an interlocutory order as of right, ***see*** Pa.R.A.P. 311; a collateral order, ***see*** Pa.R.A.P. 313; or an interlocutory order by permission, ***see*** Pa.R.A.P. 312, 1311, ***see also*** 42 Pa.C.S.A. § 702(b). However, those provisions do not apply to the instant matter.

[2] Rule 230.2(c) does not prescribe the manner in which the "ultimate notice of termination shall be served"; accordingly, we look to Pa.R.C.P. 236. ***See***
*(Footnote Continued Next Page)*

for entering the order terminating the case with prejudice for failure to prosecute. ***Notice of entry of the order must be given in accordance with Pa.R.C.P. 236 with a notation on the docket reflecting the notice was given.***" ***Kane***, 967 A.2d at 995 (Cleland, J., concurring) (emphasis added). Accordingly, the termination of a case for inactivity pursuant to Rule 230.2 "requires two separate notices[:]" the first notice is of the proposed termination, and the second notice is the order terminating the action. ***Id***. at 990. Lastly, a prothonotary's failure to comply with Rule 236, governing notice, means that the filing period for a responsive motion "was never triggered," and, therefore, a subsequent motion and order denying that motion are legal nullities. ***See***, ***e.g.***, ***Carr v. Michuck***, 234 A.3d 797, 806 (Pa. Super. 2020).

Here, it is uncontested that the prothonotary failed to enter an order terminating this matter. ***See***, ***e.g.***, Trial Court Opinion, 7/20/22, at 7-8 (conceding that the prothonotary issued no order but instead simply marked the case as "Terminated" on the docket and e-mailed notice of the docket entry to counsel). The trial court, via the prothonotary, thus issued no order

---

***Kane v. Vigunas***, 967 A.2d 987, 992 n.5 (Pa. Super. 2009) (noting that Rule 230.2(c) should be read *in pari materia* with Rule 236). Rule 236 requires the prothonotary to give "written notice of the entry of . . . any other order or judgment to each party's attorney of record . . .. The notice shall include a copy of the order or judgment." Pa.R.C.P. 236(a)(2). Where the prothonotary has failed to provide the requisite notice, this Court has held "[t]hat the parties may have received actual notice of the order is of no moment." ***Smithson v. Columbia Gas of PA/NiSource***, 264 A.3d 755, 760 (Pa. Super. 2021).

terminating the case, and, thereby, failed to provide the necessary notice—including a copy of the order—to BNYM. **See** Pa.R.C.P. 230.2(c); **see also** Pa.R.C.P. 236(a)(2); **Kane**, 967 A.2d at 995 (Cleland, J., concurring). Because the prothonotary failed to comply with Rules 230.2(c) and 236(a)(2), this matter was not terminated, and, consequently, the filing period for a responsive petition was never triggered. Therefore, BNYM's petition to reinstate, along with the trial court's order denying the petition, are legal nullities. **See Carr**, 234 A.23d at 806. Thus, there is no final order from which BNYM may appeal. **See** Pa.R.A.P. 341(a) (providing that an appeal of right may be taken from any final order); **Massaro**, 204 A.3d at 933 (quashing an appeal from a non-final order). For these reasons, we quash this appeal and remand for further proceedings consistent with this memorandum.

Appeal quashed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/13/2023